## HUDSON v. LINDSAY.

1. WILLS—CONSTRUCTION—ACCOUNT—RES JUDICATA.

Allowance of the annual account of an executor or administrator is final and conclusive as to receipts and disbursements, but allowance of the final account does not necessarily amount to a construction of the will.

2. SAME—CONSTRUCTION—JUDGMENT—RES JUDICATA—ALLOWANCE OF ACCOUNT—PROBATE COURT.

An annual or final account of an executor or administrator is conclusive as to all matters which are before the court and are adjudicated in its allowance, but the order of allowance is not final or conclusive and does not constitute an adjudication in matters which were not before the court upon the accounting and which were not considered by the court or passed upon in allowing the account.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur 2d, Executors and Administrators § 546.
[2] 31 Am Jur 2d, Executors and Administrators §§ 545, 546.
[3] 31 Am Jur 2d, Executors and Administrators § 545.
[4] 30A Am Jur, Judgments §§ 333, 334.
[5] 57 Am Jur, Wills § 1133.
[6] 33 Am Jur, Life Estates, Remainders, and Reversions §§ 6, 11; 57 Am Jur, Wills § 1165.

3. SAME—CONSTRUCTION—RES JUDICATA—ALLOWANCE OF ACCOUNT.

Order of probate court allowing an executor's final account which assigned the residue "in accordance with the will of said deceased." *held*, not an attempt to designate the recipients of the residue and therefore not a construction of the will having the effect of *res judicata* on later action for construction.

4. SAME—CONSTRUCTION—RES JUDICATA—WAIVER.

Court of Appeals sitting in review may treat the defense of *res judicata* by construction of a will as waived where the issue has not been properly presented in the pleadings as an affirmative defense or by motion for accelerated judgment (GCR 1963, 111.3, 111.7, 116.1).

5. SAME—CONSTRUCTION—INTENT OF TESTATOR.

The most important rule of law in the construction of wills is to carry out the intent of the testator expressed in the will.

6. SAME—CONSTRUCTION—REMAINDER.

Provision of will "devising lands to my son, but on condition that if my son shall become deceased leaving children, then I give and devise to his children surviving him in equal shares to be received by them when they become twenty-one years of age, respectively," *held*, to create a life estate in the son with remainder in the surviving children of the son who attained the age of 21.

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 2 April 3, 1968, at Lansing. (Docket No. 4,348.)    Decided October 23, 1968. Leave to appeal granted February 12, 1969.    See 381 Mich 801.

Complaint by Roger B. Hudson, guardian of the estate of Clare Lindsay, against Ellsworth James Lindsay, Vina Quinn, Mark Lindsay, Lewis Lindsay, John Lindsay, Mary Lindsay, Ross Lindsay, Don Lindsay, and Edna Lindsay to quiet title and construe a will.    Will construed to grant life estate to Clare Lindsay and the remainder to his surviving children who attain the age of 21.    Plaintiff appeals. Affirmed.

*Lloyd V. Marlette,* for plaintiff.

*McIntosh, Simpson, Oppliger & Mugan,* for defendant.

FOLEY, J.   Action was brought in St. Clair county circuit court to quiet title, pursuant to CLS 1961, § 600.2932 as amended by PA 1964, No 8 (Stat Ann 1968 Cum Supp § 27A.2932), by the guardian of Clare Lindsay, an incompetent.[1]

The following facts were stipulated to by the parties:

Kate Lindsay died June 8, 1933.   Her will was admitted to probate August 14, 1933, without objection.   The will was not contested nor were any questions of construction raised during probate. Paragraph 4 of the will placed in dispute by the subsequent suit in circuit court read as follows:

"Fourth:—I give and devise to my son, Clair Lindsay, of Detroit, Michigan, on the conditions herein named, that piece or parcel of land situate and being in the township of Kenockee, St. Clair county, Michigan, and described as the east 1/2 of the northwest 1/4 of section 28 in town 7 north, range 15 east, excepting that piece or parcel thereof therefrom described as commencing at the southeast corner of said parcel above described and running thence north 24 rods; thence west 52 rods; thence south 24 rods; thence east 52 rods to the place of beginning, but on condition that if my son, Clair Lindsay shall become deceased leaving children, then the said devised parcel of land, herein described, I give and devise to his children surviving him in equal shares, share and share alike, to be received

---

[1] Clare Lindsay was adjudicated incompetent by the Wayne county probate court and Roger B. Hudson was appointed guardian.

by them when they become 21 years of age, respectively.

"In case my son, Clair Lindsay, shall become deceased leaving children surviving him, then the use, income and benefits of said lands in the first subdivision of this fourth paragraph described and devised, shall be used for their care, support, education and maintenance in equal shares during the period of time until they shall arrive at the age of 21 years, respectively. In the event that my son, Clair Lindsay, shall become deceased, and he does not have children surviving him that attain the age of 21 years, then, in such event, I give and devise the lands and premises in the first subdivision of this fourth paragraph described to my sons, Glenn Lindsay and Roy Lindsay, and my daughter, Vina Quinn, in equal shares, share and share alike.

"All of the foregoing provisions in the second subdivision of this fourth paragraph of this will are upon the following conditions and terms, *i.e.:* that my son, Clair Lindsay or his children, if he first becomes deceased, and they arrive at the age of 21 years of age, or the guardian of such children, if they have a guardian, shall cause to be paid to my son Roy Lindsay of Goodells, Michigan, the sum of $700 payable $100 one year from and after my death, and $100 annually thereafter until the full amount of $700 shall have been paid to my said son, Roy Lindsay, but without interest."

On June 14, 1934, a probate order, allowing the executor's final accounting and assigning the residue of the estate, was issued with the consent of all the heirs-at-law, legatees and devisees of Kate Lindsay. The probate order read in pertinent parts as follows:

"And it is further ordered, that such residue of real and personal estate of which said deceased died seized be and the same is hereby assigned in accordance with the will of said deceased. One of the legatees in said will being referred to as "Clair"

Lindsay. His proper name is "Clare" and "Clair Lindsay" and "Clare Lindsay" are one and the same person."

Thirty-three years after the issuance of the aforementioned probate order, plaintiff brings the instant suit requesting the will of Kate Lindsay be construed to determine the extent of the estate devised to Clare Lindsay in paragraph 4 of the will. It is claimed by plaintiff that Clare Lindsay was devised a fee estate. However, Ellsworth James Lindsay[2] contends that the fourth paragraph of the will conveyed a life estate to Clare and the remainder to his surviving children attaining the age of 21.

Upon facts stipulated to by the parties, the circuit court construed the will to grant a life estate to Clare Lindsay and a remainder to his surviving children who attain the age of 21. Plaintiff appeals this decision raising 2 questions:

Whether the probate order allowing the final account and assigning the residue precludes the circuit court from construing the will?

Whether the trial court was correct in its construction of the will?

The applicability of the principle of *res judicata* to cases, such as the one we are called upon to decide today, was well stated in *MacKenzie* v. *Union Guardian Trust Co.* (1933), 262 Mich 563, 580:

"The allowance of a final account of an executor may be conclusive as to receipts and disbursements, but even the allowance of a final account may not amount to a construction of the will.

"If, however, upon the conclusion of the probate of the estate of a testator, upon the allowance of the administrator's final account, the assignment of the residue of the property of the estate is made in

---

2 Ellsworth James Lindsay is the only son of Clare Lindsay. The record reflects that all other named defendants have filed disclaimers.

accordance with the construction of the will of the deceased by the probate court, then, under such circumstances, the court having to construe the will in order to make a proper order of distribution, such order of distribution properly entered is valid and binding as a construction of the will, if not appealed from."

The Court further stated, at p 586:

"The rule to be deduced from the authorities is that an annual or a final account of an executor or administrator is conclusive as to all matters which are before the court and are adjudicated in its allowance, but the order of allowance is not final or conclusive and does not constitute an adjudication in matters which were not before it upon the accounting and which were not considered by the court or passed upon in allowing the account of the executor of the estate."

In the instant case, the order of the probate court allowing the executor's final account merely assigned the residue "in accordance with the will of said deceased." The probate order did not attempt to designate the recipients of the residue. Clearly, the probate court was not called upon to and did not construe the will in allowing the executor's final account. Therefore, the circuit court was not barred from construing the will by the probate order allowing the executor's final accounting.

Assuming, however, that the factual circumstances dictated invoking the doctrine of *res judicata,* this Court sitting in review may nonetheless treat the defense as waived where, as is the case here, the issue has not been properly presented in the pleadings as an affirmative defense or by motion for accelerated judgment. (See GCR 1963, 111.3, 111.7, and 116.1.)

Now we turn to the second question calling for our review of the trial court's construction of paragraph 4 of Kate's will.

The most important rule of law in the construction of wills is to carry out the intent of the testator expressed in the will. Mr. Chief Justice John Marshall stated in *Smith* v. *Bell* (1832), 31 US (6 Pet) 68, 75 (8 L Ed 322, 325):

"The first and great rule in the exposition of wills, to which all other rules must bend, is, that the intention of the testator expressed in his will shall prevail * * *"

See *Townsend* v. *Gordon* (1944), 308 Mich 438.

Paragraph 4 of the will devised certain real estate to Clare Lindsay upon certain conditions:

"* * * but on the condition that if my son, Clair Lindsay shall become deceased leaving children, then * * * I give and devise to his children surviving him in equal shares * * * to be received by them when they become twenty-one years of age, respectively."

This paragraph causes confusion because the testatrix uses words of contingency ("If my son * * * shall become deceased") to describe a certainty, the death of Clare. However, a literal construction, in this case, expresses the true intent of the testatrix to devise only a life estate to Clare. (See 57 Am Jur, Wills, § 1237 pp 818, 819).

Careful analysis of the disputed paragraph refutes plaintiff's argument that the carryover provisions are applicable only if Clare Lindsay predeceased testatrix. We construe paragraph 4 to provide for a remainder to the surviving children of Clare Lindsay who attain the age of 21. Thus, Clare

Lindsay received only a life estate in the real estate described by paragraph 4 of the will.

The decision of the trial court is affirmed. Costs to plaintiff.

Lesinski, C. J., and T. G. Kavanagh, J., concurred.