HUDSON *v.* LINDSAY.

1. WILLS—CONSTRUCTION—ATTORNEY AND CLIENT—DRAFTSMAN.

The fact that a will was drawn by an attorney is not decisive in determining the intentions of the testator in construing the provisions of that will.

2. WILLS — CONSTRUCTION — TESTATOR'S INTENT — REAL PROPERTY — VESTING.

Three well-established rules to be applied in construing a will are that a will is to be construed in its entirety, the intent of the testator must be determined, and the law favors an early vesting of estate in real property.

3. WILLS—REAL ESTATE—FEE SIMPLE—CONTINGENCY.

A will provision giving a son a parcel of real estate, but providing that if the son predeceases the testator the income and benefit of the land so devised shall be used to support, educate, and maintain that son's minor children, *held,* to devise a fee simple interest in the son where he outlived the testator.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 1133 *et seq.*
[2] 57 Am Jur, Wills §§ 1129, 1133, 1137, 1218.
[3] 57 Am Jur, Wills § 1236 *et seq.*

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and T. G. Kavanagh and Foley, JJ., affirming St. Clair, Halford I. Streeter, J. Submitted November 6, 1969. (Calendar No. 24, Docket No. 52,229.) Decided March 9, 1970.

13 Mich App 671, reversed and remanded.

Complaint by Roger B. Hudson, guardian of the estate of Clare Lindsay, against Ellsworth James Lindsay, Vina Quinn, Mark Lindsay, Lewis Lindsay, John Lindsay, Mary Lindsay, Ross Lindsay, Don Lindsay, and Edna Lindsay to quiet title and construe a will. Will construed to grant life estate to Clare Lindsay and the remainder to his surviving children who attain the age of 21. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded.

*Lloyd V. Marlette,* for plaintiff.

*McIntosh, Oppliger & Mugan* (*Richard F. Huegli, Jr.,* of counsel), for defendants.

KELLY, J. June 22, 1932, Mrs. Kate Lindsay executed her last will and testament (see appendix), making devises and bequests to her sons Glenn, Clare, and Roy, and to her daughter, Vina.

February 8, 1967, Clare Lindsay's guardian filed a complaint seeking a judgment establishing title to the lands devised to Clare by his mother, Kate Lindsay, stating in the complaint that "the plaintiff is informed and believes that the defendants, or some of them, claim some right or interest in, or title to said lands."

Kate Lindsay's daughter Vina, and the heirs of her sons Glenn and Roy, both sons being deceased, filed

disclaimers alleging that they did not now claim, nor had they ever claimed, any right, title or interest to the premises, and requested that the proceedings be dismissed as to them.

Clare Lindsay's 39-year-old son, Ellsworth James Lindsay, who was two years of age when the will was executed, filed an answer alleging:

"Defendant admits that plaintiff is in possession of said lands, denies that he has a fee simple title to said land, and admits that this defendant has a claim and right and interest in the said land."

The trial court's judgment dismissing plaintiff's cause of action stated that the court interpreted the will to grant unto Clare Lindsay "a life estate in the property and no more," and the Court of Appeals affirmed the trial court's decision.[1]

Plaintiff contends "that the words of condition were to apply *only if Clare predeceased the testatrix*"; that "the testatrix was aware of the possibility of a *lapse,* and realized that if a lapse occurred, Clare's children would likely be under age "twenty-one"; that the "testatrix was not satisfied with the descent of the property under the lapse statute because it contained none of the limitations which testatrix deemed important."

Defendant calls attention that "the will was written by an attorney"; quotes the "lapse statute"[2] and states that: "Since the possibility of a lapse was covered by the statute, the draftsman must have intended the condition to mean something else."

---

[1] *Hudson* v. *Lindsay* (1968), 13 Mich App 671.

[2] "When a devise or legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, leaving issue who shall survive the testator, such issue shall take the estate so given by the will, in the same manner as the devisee or legatee would have done, if he had survived the testator; unless a different disposition shall be made or directed by the will." CL 1948, § 702.11 (Stat Ann 1962 Rev § 27.3178[81]).

Commenting on the words used in the will, defendant states: "Had he [the attorney] intended that the property was to go to Clare as a fee simple, it would have been a simple matter to so state." Plaintiff's *contra* view is expressed as follows:

"The latter part of this first sentence of paragraph four contains the first references to the actual condition. This language does not simply say that Clare gets it for life with the remainder over to his children. It says that if Clare 'shall become deceased leaving children,' then it goes to the children 'to be received by them *when they become* twenty-one years of age.' "

In addition to contending "that the lapse never occurred," plaintiff states:

"It is also conceivable that the testatrix's constant reference to the children being minors at the time of Clare's death was intended to establish a *condition subsequent* which would divest Clare of his fee if he died leaving children under twenty-one. This interpretation would also result in Clare now having the fee simple absolute since Clare's only child is now an adult."

Defendant, claiming it was testatrix's intention that he become the fee owner when his present contingent interest expires, states:

"The law cannot favor an early vesting of real property when such vesting does not actually occur by a life tenancy. The property rules require that the contingent interests remain until they are no longer contingent. In other words, 34 years have already passed in the instant case and the contingency has not yet occurred, but when it does, Ellsworth James Lindsay shall become the owner of the fee in the land."

In determining intent we are not impressed, as was defendant, by the fact that an attorney drew the

will, and we conclude the Court of Appeals did not consider this a decisive factor not only because of its omission to refer to that fact in its opinion but, also, because of the following reference to the wording of the will (13 Mich App 671, 677):

"Paragraph 4 of the will devised certain real estate to Clare Lindsay upon certain conditions:

" '* * * but on the condition that if my son, Clair Lindsay shall become deceased leaving children, then * * * I give and devise to his children surviving him in equal shares * * * to be received by them when they become twenty-one years of age, respectively.'

"This paragraph causes confusion because the testatrix uses words of contingency ('If my son * * * shall become deceased') to describe a certainty, the death of Clare."

After referring to the confusion above stated, the Court of Appeals confined its reasons for affirmance to the two sentences (p 677):

"However, a literal construction, in this case, expresses the true intent of the testatrix to devise only a life estate to Clare. * * *

"Careful analysis of the disputed paragraph refutes plaintiff's argument that the carryover provisions are applicable only if Clare Lindsay predeceased testatrix."

A determination of intent in this appeal calls for the application of three well-established rules of construction, namely:

(1) In *In re Jones Estate* (1959), 358 Mich 85, 88, we said:

"We construe a will in its entirety, gathering its intent as expressed within the 4 corners of the instrument, not by emphasizing the wording of any isolated paragraph."

(2) The law favors an early vesting of estate in real property. *In re Hurd's Estate* (1942), 303 Mich 504, 510; *In re Churchill's Estate* (1925), 230 Mich 148, 155; *Van Gallow* v. *Brandt* (1912), 168 Mich 642, 648–649.

(3) In *Merrill* v. *Hubbard* (1957), 348 Mich 220, 224, we said:

"It has been stated many times that the primary rule of construction of a will is to reach and determine the intent of the testator, and in doing so all parts of the will must be considered."

The will expresses a mother's desire and intention that her children share equally in her estate. We do not agree with defendant that such a conclusion is not "valid" because her son Clare's children are the only grandchildren testatrix mentioned in her will.

We find nothing in the will that discloses less affection for and confidence in Clare than the mother had for his two brothers and sister, but there is disclosed a mother's desire to provide for the possibility of her son predeceasing her and, in such a contingency, a provision that the income and benefit from Clare's share in her estate would be used for the purpose of supporting and educating and maintaining Clare's children.[3]

We reverse the decisions of the Court of Appeals and of the trial court and remand for entry of an order declaring plaintiff-appellant's ward's interest in the subject property to be a fee simple. Costs to appellant.

---

[3] "In case my son, Clair [Clare] Lindsay, shall become deceased leaving children surviving him, then the use, income and benefits of said lands in the first subdivision of this fourth paragraph described and devised, shall be used for their care, support, education and maintenance in equal shares during the period of time until they shall arrive at the age of twenty-one years, respectively." (Quotation from Kate Lindsay's last will and testament.)

T. E. Brennan, C. J., and Dethmers, T. M.
Kavanagh, and Adams, JJ., concurred with Kelly, J.

Black and T. G. Kavanagh, JJ., did not sit in this
case.

## Appendix

*Last Will and Testament of*
*Mrs. Kate Lindsay.*

"I, Kate Lindsay, a widow, of the Township of
Kenockee, St. Clair County, Michigan, being of
sound mind and memory, but mindful of the uncer-
tainties of life, do make, publish and declare this to
be my last Will and Testament, *viz.:*

"First.—I will and direct that all of my just debts,
funeral expenses and expenses of probating my es-
tate shall be paid in full.

"Second.—I have heretofore, to-wit, on the 18th
day of April, A.D. 1929, joined with my husband,
John Lindsay, since deceased, in conveying to my
son, Glenn Lindsay, of Kenockee Township, St. Clair
County, Michigan, the North Half (1/2) of the
Southwest Quarter (1/4) of Section Twenty-eight
(28) in Town Seven (7) North, Range Fifteen (15)
East, and, also, that certain piece or parcel of land
in said Section Twenty-eight (28) in said Township,
commencing at a point at the southeast corner of the
East Half (1/2) of the Northwest Quarter (1/4) of
said Section Twenty-eight (28), running thence
north Twenty-four (24) Rods; thence west Fifty-
two (52) Rods; thence south Twenty-four (24) Rods;
thence east Fifty-two (52) Rods to the place of be-
ginning, and being a part of the East Half (1/2) of
the Northwest Quarter (1/4) of said Section Twen-
ty-eight (28) in Town Seven (7) North, Range Fif-
teen (15) East, on the condition that the said Glenn
Lindsay farm and cultivate said premises and sup-
port the said John Lindsay and myself during our
natural lives, and upon other conditions as ex-
pressed in said deed, which is recorded in Liber 321
of Deeds on page 20 in the Office of the Register
of Deeds for St. Clair County, Michigan.

"Since the making of said deed and on or about the date of making of this Will Glenn Lindsay has executed a note to my daughter, Vina Quinn, of Goodells, Michigan, in the sum of Five Hundred Dollars ($500.00) payable One Hundred Dollars ($100.00) one year after my death, and One Hundred Dollars ($100.00) each year thereafter until the total amount of Five Hundred Dollars ($500.00) has been paid to my said daughter, Vina Quinn, said payments to be without interest.

"Third.—It is my intention not to give, bequeath or devise anything further to my son, Glenn Lindsay, except as provided in the residuary clause herein.

"Fourth.—I give and devise to my son, Clair Lindsay, of Detroit, Michigan, on the conditions herein named, that piece or parcel of land situate and being in the Township of Kenockee, St. Clair County, Michigan, and described as the East Half (1/2) of the Northwest Quarter (1/4) of Section Twenty-eight (28) in Town Seven (7) North, Range Fifteen (15) East, excepting that piece or parcel thereof therefrom described as commencing at the southeast corner of said parcel above described and running thence north Twenty-four (24) Rods; thence west Fifty-two (52) Rods; thence south Twenty-four (24) Rods; thence east Fifty-two (52) Rods to the place of beginning, but on condition that if my son, Clair Lindsay, shall become deceased leaving children, then the said devised parcel of land, herein described, I give and devise to his children surviving him in equal shares, share and share alike, to be received by them when they become twenty-one years of age, respectively.

"In case my son, Clair Lindsay, shall become deceased leaving children surviving him, then the use, income and benefits of said lands in the first subdivision of this fourth paragraph described and devised, shall be used for their care, support, education and maintenance in equal shares during the period of time until they shall arrive at the age of twenty-

one years, respectively. In the event that my son,
Clair Lindsay, shall become deceased, and he does
not have children surviving him that attain the age
of twenty-one years, then, in such event, I give and
devise the lands and premises in the first subdivision
of this fourth paragraph described to my sons, Glenn
Lindsay and Roy Lindsay, and my daughter, Vina
Quinn, in equal shares, share and share alike.

"All of the foregoing provisions in the second
subdivision of this fourth paragraph of this Will
are upon the following conditions and terms, *i.e.*:
That my son, Clair Lindsay, or his children, if he
first becomes deceased, and they arrive at the age
of twenty-one years of age, or the Guardian of such
children, if they have a Guardian, shall cause to be
paid to my son, Roy Lindsay, of Goodells, Michigan,
the sum of Seven Hundred Dollars ($700.00) pay-
able One Hundred Dollars ($100.00) one year from
and after my death, and One Hundred Dollars
($100.00) annually thereafter until the full amount
of Seven Hundred Dollars ($700.00) shall have been
paid to my said son, Roy Lindsay, but without in-
terest.

"Fifth.—I understand fully and completely that I
am not giving to my daughter, Vina Quinn, any par-
ticular piece or parcel of land, and that she is to
receive from my son, Glenn Lindsay, the sum of Five
Hundred Dollars ($500.00), payable as provided in
this second subdivision of the second paragraph of
this Will, but I give and bequeath to my daughter,
Vina Quinn, all of my household furniture and equip-
ment.

"Sixth.—I give, bequeath and devise all the rest,
residue and remainder of my estate, of every kind
and nature, both real and personal, wheresoever the
same may be, to my sons, Roy Lindsay, Clair Lind-
say, Glenn Lindsay, and my daughter, Vina Quinn,
in equal shares, share and share alike.

"Seventh.—All the devises and bequests in this
my last Will and Testament are on condition that
my sons, Clair Lindsay and Roy Lindsay, and my

daughter, Vina Quinn, shall make no claim against my son, Glenn Lindsay, on account of any personal property that belonged to or may be claimed to belong to my deceased husband, John Lindsay, and if they, or any of them, do, then the amount of such claims by them made, respectively, against my son, Glenn Lindsay, shall be deducted from the bequests and devises that I have herein made to them, respectively.

"Eighth.—My brother-in-law, George Lindsay, of Kenockee Township, St. Clair County, Michigan, has for a considerable number of years been supported principally by my husband, John Lindsay, and myself. I wish to express my intent to give, bequeath and devise the sum of One Dollar ($1.00) only to the said George Lindsay, in the event that he survives me, and I hereby declare that he has received full payment for all services, of every kind and nature, which he has rendered to either John Lindsay, my deceased husband, or myself.

"Ninth.—In giving, bequeathing and devising any bequests or devisees to my legatees herein, it is my intent that in case of their death that such bequests, legacies and devises shall go to their respective heirs-at-law, if any, by right of representation, except in regard to the provision made for my son, Clair Lindsay, and his children, as provided in the three subdivisions of the fourth paragraph of this Will and in the sixth paragraph of this Will.

"Tenth.—I hereby nominate and appoint Gilvie Gibbs, of Goodells, Michigan, as Executor of this my last Will and Testament.

"Eleventh.—I hereby revoke all former Wills by me at any time made.

"Twelfth.—In witness whereof, I have hereunto set my hand and seal this 22nd day of June, A.D. 1932.

/s/ KATE LINDSAY (L.S.)

"On this 22nd day of June, A.D. 1932, Kate Lindsay, of Kenockee Township, St. Clair County, Michigan, widow of John Lindsay, signed."