In re HUND ESTATE

HUND v HOLMES

Docket No. 55672. Argued June 4, 1975 (Calendar No. 6).—Decided November 25, 1975. Rehearing denied 395 Mich 923.

> Herbert L. Hund died on August 31, 1955, leaving property in two testamentary trusts, a "Marital Trust" and a "Residuary Trust". His will gave his wife, Helen M. Hund, the power to dispose of the corpus of the marital trust by the terms of her will, and provided that if his wife failed to exercise this power of appointment the corpus of the marital trust was to be combined with that of the residuary trust and distributed to his residuary beneficiaries. Mrs. Hund died on October 30, 1970, leaving a will dated November 28, 1955, which disposed of her entire estate through a residuary clause. No express reference to the power of appointment or to any portion of the corpus of the marital trust appeared in her will. The Detroit Bank and Trust Company, executor of Mrs. Hund's will, filed a petition for construction of the will to determine whether the testatrix had, by the language of the residuary clause in her will, exercised a testamentary power of appointment. The Oakland County Probate Court, Donald E. Adams, J., determined that there had been a valid exercise of the power of appointment. The Oakland Circuit Court, Arthur E. Moore, J., affirmed. The

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 73 Am Jur 2d, Statutes § 360.

Date or event contemplated by term "passage," "enactment," "effective date," etc., employed by statute in fixing time of facts or conditions within its operation. 132 ALR 1048.

[2] 62 Am Jur 2d, Powers of Appointment and Alienation § 45.

80 Am Jur 2d, Wills §§ 1123, 1124.

[3–9] 62 Am Jur 2d, Powers of Appointment and Alienation §§ 42, 47 et seq.

Effect of statute upon determination disposition of all or residue of testator's property, without referring to power of appointment, sufficiently manifests intention to exercise power. 16 ALR3d 911.

Disposition of all or residue of testator's property, without referring to power of appointment, as constituting sufficient manifestation of intention to exercise power, in absence of statute. 15 ALR3d 346.

Court of Appeals, Danhof, P. J., and Bronson and O'Hara, JJ., affirmed (Docket No. 15777). Mildred A. Hund and others, residuary legatees of Herbert Hund, appeal. *Held:*

1. Mrs. Hund's power of appointment could not be exercised except by will, which spoke from the time of her death on October 30, 1970. Therefore, her power of appointment was subject to the Powers of Appointment Act of 1967 as amended by 1970 PA 195, which provides a statutory rule of construction, in MCL 556.114; MSA 26.155(104), as to when an instrument manifests an intent to exercise a power of appointment.

2. In an action for construction of a will the sole objective is to ascertain and effectuate the intent of the testator as it appears from the language of the will. The statutory rule of construction in the Powers of Appointment Act restricts the use of extrinsic evidence to circumstances surrounding the drafting and execution of the instrument and prohibits the introduction of such evidence unless it explains or clarifies some "wording" of the instrument. It also provides that when the donor of the power has provided for an express gift in default of its exercise, a residuary clause does not in itself manifest an intent to exercise a power exercisable by will.

3. The circumstances relied on by the appellees, such as testatrix's selection of an attorney, her choice of beneficiaries and distribution of estate, and the prior law and novelty of marital trusts in 1955, have nothing to do with the interpretation of the wording used in the will.

4. If a court may find "necessary implication" sufficient to manifest intent to exercise a power from the wording of a simple residuary clause then part of the final sentence of the statutory rule of construction would be meaningless.

5. The intent to exercise Mrs. Hund's power of appointment was not manifest in the "wording" of her will, and the lower courts were in error in holding that it was.

Reversed and remanded.

Williams, J., concurred in the result on the ground that because the creating instrument provided for an express gift in default, and there was no specific exercise of the power either expressly or by necessary implication, the language of the statute that a residuary clause purporting to dispose of all the donee's estate "does not in itself manifest an intent to exercise a power" is controlling.

Coleman, J., dissented on the ground that the statute in effect at the time of signing the will should be considered as one of the circumstances bearing on the intent of the testator.

That statute would have caused the will to operate as an exercise of the power. Mrs. Hund died not quite three months after the new statute became effective, and it is not reasonable to presume conclusively that she knew of the changed law so that she would change her will. The will interpreted in the light of the circumstances surrounding its drafting and execution clearly sets forth her intent to exercise the power.

OPINION OF THE COURT

1. POWERS—GOVERNING LAW—STATUTES.

It was the express intention of the Legislature that the Powers of Appointment Act of 1967 should apply to any power existing on the effective date of the act (MCL 556.132).

2. POWERS—EXERCISE—WILLS—GOVERNING LAW—STATUTES.

A will speaks from the time of death, and therefore a power of appointment created in 1955 which could not be exercised except by will of the donee was in existence and subject to the Powers of Appointment Act of 1967 and its amendment in 1970 where the death of the donee occurred after the effective date of the 1970 amendment, even though the donee's will had been executed in 1955 (MCL 556.111 *et seq.,* as amended by 1970 PA 195).

3. POWERS—EXERCISE—INTENTION—STATUTES.

The statutory rule of construction in the Powers of Appointment Act of 1967 on when an instrument manifests an intention to exercise a power of appointment embodies well-accepted principles of construction, and accordingly restricts the use of extrinsic evidence to circumstances surrounding the drafting and execution of the instrument and prohibits the introduction of such evidence unless it explains or clarifies some "wording" of the instrument (MCL 556.114).

4. POWERS—WILLS—SURROUNDING CIRCUMSTANCES—RESIDUARY CLAUSE.

Surrounding circumstances were not relevant to determining that a testatrix intended, by the use of a residuary clause, to exercise a power of appointment where the circumstances relied upon concerned items such as testatrix's selection of an attorney, her choice of beneficiaries and distribution of estate, and the prior law and the novelty of marital trusts when her will was executed where these items had nothing to do with interpretation of wording used in the will.

5. POWERS—WILLS—RESIDUARY CLAUSE—STATUTES.

If a court is permitted to find some "necessary implication" sufficient to manifest an intent to exercise a power of appointment from the "wording" of a simple residuary clause, then the "but in all other cases" portion of the final sentence of the statute (which provides that if there is a general power exercisable by will with no express gift in default in the creating instrument, a residuary clause or other general language in the donee's will purporting to dispose of all the donee's estate or property operates to exercise the power but in all other cases such a clause or language does not in itself manifest an intent to exercise a power exercisable by will) would be rendered meaningless (MCL 556.114).

6. POWERS—EXERCISE—WILLS—RESIDUARY CLAUSE.

A will disposing of the entire estate of the donee of a power of appointment through a residuary clause, and making no reference to the power or to any portion of the corpus of the trust which was the subject of the power, did not manifest an intent to exercise the power where there was an express gift in default of its exercise in the instrument creating the power (MCL 556.114).

CONCURRING OPINION

WILLIAMS. J.

7. POWERS—EXERCISE—WILLS—RESIDUARY CLAUSE—STATUTES.

*The language of the Powers of Appointment Act of 1967, as amended, that a residuary clause in the will of a donee of a power purporting to dispose of all of the donee's estate does not in itself manifest an intent to exercise a power is controlling in a case where the instrument creating the power provided for an express gift in default of its exercise and there was no specific exercise of the power either expressly or by necessary implication from the wording in the donee's will (MCL 556.114).*

DISSENTING OPINION

COLEMAN, J.

8. POWERS—WILLS—INTENT OF TESTATOR—DATE OF EXECUTION—STATUTES—SURROUNDING CIRCUMSTANCES.

*Intent of a testator is determined at the date of execution of a will and a statute in effect at the time of execution of a will which would have caused the will to exercise a power of appointment is one of the surrounding circumstances bearing upon the intent of the testator to exercise the power, when the*

*statute was repealed less than three months before death and the one in effect at the time of death did not have that result (MCL 556.114; MSA 26.155[104]).*

9. POWERS—EXERCISE—INTENT—WILLS—SURROUNDING CIRCUM-
    STANCES.

   *A testatrix exercised a power of appointment where her will, read as a whole and in relation to the surrounding circumstances of the law when the will was drafted and executed, clearly sets forth her intent to exercise the power.*

*Dahlberg, Mallender & Gawne* (by *Henry L. Woolfenden* and *Clarence J. Boldt, Jr.),* for appellants Mildred A. Hund and others.

*Norman P. Burau* for appellee Madeline E. Holmes.

L. B. LINDEMER, J. This lawsuit originated in Probate Court of Oakland County as a petition for construction of the last will and testament of Helen M. Hund. The petition was brought by the executor of Mrs. Hund's estate, the Detroit Bank and Trust Company, in order to determine whether testatrix had, by the language of the residuary clause in her will, exercised a testamentary power of appointment. The probate court determined that there had been a valid exercise of the power of appointment. Both the circuit court and the Court of Appeals affirmed that decision. This Court granted leave to appeal in order to consider the application of MCLA 556.114; MSA 26.155(104), to the facts of this case.

Testatrix's husband, Herbert L. Hund, died August 31, 1955. By the terms of his will, Mr. Hund placed his estate into two testamentary trusts, a "Marital Trust" and a "Residuary Trust". During her lifetime, Mrs. Hund was to receive the income from both trusts. Additionally, Mrs. Hund was

" * * * given the unrestricted right and authority to direct the disposition of the corpus of said 'Marital Trust' by the terms of her Last Will and Testament, to her estate or to such person or persons, and in such manner as she alone may elect."

Mr. Hund's will also contained an express gift in default, providing that if his wife failed to exercise this power of appointment, the corpus of the Marital Trust was to be combined with that of the Residuary Trust and distributed to his residuary beneficiaries.

Mrs. Hund died October 30, 1970. She left a will dated November 28, 1955, disposing of her entire estate through the following residuary clause:

"All the rest, residue and remainder of my estate shall be divided by my Executor into eight (8) equal parts, according to the value thereof as finally determined for Federal Estate Tax purposes, and as modified by the increase or decrease in value thereof of any marketable securities or other assets, from the date of my death to the time of distribution, which valuation shall rest solely in the discretion of said Executor and which entire residuary estate is hereby given, devised and bequeathed as follows * * * ."

No express reference to the power of appointment or to any portion of the corpus of the marital trust appears in her will.

The dispute is between appellants, the residuary beneficiaries of Mr. Hund who would benefit by nonexercise of the power, and appellees, the residuary beneficiaries of Mrs. Hund who would benefit by an exercise of the power.

Under the common law, if the donee of a power of appointment, without expressly referring to the power, executes a general residuary clause in his will, the power is not exercised unless a contrary

intention to exercise the power can be sufficiently proven.

The Supreme Court of Connecticut, a state which follows the common law, has said:

"Under this rule, a testator will not be considered as having executed or having intended to execute a testamentary power of appointment unless the will contains 'a reference to the power itself or to the subject of it, [or] unless the intention to execute [the power] is manifest from the fact that the will would remain inoperative without the aid of the power, or is so clearly demonstrated by words or acts * * * that the transaction is not fairly susceptible of any other interpretation.'" *Morgan Guaranty Trust Co v Huntington,* 149 Conn 331, 344; 179 A2d 604 (1962).

Other statements in accord are found in 15 ALR3d 346 and 62 Am Jur 2d, Powers, § 51, p 151.

The burden of proving intent is upon the party claiming exercise and it is generally accepted that in order for a will to exercise a power of appointment, the intent to exercise the power must be so clear that no other reasonable intent can be imputed to the testatrix under the will. *Republic National Bank of Dallas v Fredericks,* 155 Tex 79; 283 SW2d 39 (1955); *Blagge v Miles,* F Cas No. 1479 (1841).

Our Legislature enacted a statute modifying the common-law doctrine, creating a presumption in favor of an exercise of a power of appointment by the general language of a residuary clause. This statute, taken nearly verbatim from the State of New York, was the statute in effect at the time Mrs. Hund executed her will. It read:

"Lands embraced in a power to devise, shall pass by a will, purporting to convey all the real property of the testator, unless the intent that the will shall not oper-

ate as an execution of the power, shall appear expressly, or by necessary implication." MCLA 556.53; MSA 26.143

This statute applies to both real and personal property. See *Hutton v Benkard,* 92 NY 295 (1883). That construction was considered by the courts below.

MCLA 556.53; MSA 26.143 was repealed by 1967 PA 224, which in turn was amended by 1970 PA 195. This pertinent successor statute, MCLA 556.114; MSA 26.155(104), which was in effect at the time Mrs. Hund died, reads:

"Unless otherwise provided in the creating instrument, an instrument manifests an intent to exercise the power if the instrument purports to transfer an interest in the appointive property which the donee would have no power to transfer except by virtue of the power, even though the power is not recited or referred to in the instrument, or if the instrument either expressly or by necessary implication from its wording, interpreted in the light of the circumstances surrounding its drafting and execution, manifests an intent to exercise the power. If the creating instrument explicitly directs that no instrument shall be effective to exercise the power unless it contains a reference to the specific power, an instrument which lacks such reference does not validly exercise the power. Subject to the foregoing, if there is a general power exercisable by will with no express gift in default in the creating instrument, a residuary clause or other general language in the donee's will purporting to dispose of all of the donee's estate or property operates to exercise the power but in all other cases such a clause or language does not in itself manifest an intent to exercise a power exercisable by will."

Which statute applies? It is the express intention of the Legislature that MCLA 556.114; MSA

26.155(104) must apply. MCLA 556.132; MSA 26.155(122) reads:

"The provisions of this act are applicable to any power existing on the effective date of this act, as well as a power created after that date."

By the provisions of her husband's will the power of appointment could not be exercised except by will. There is a general rule that a will speaks from the time of death, *Kinney v Kinney,* 34 Mich 250 (1876). The power of appointment was in existence and subject to 1970 PA 195. Even in the absence of express legislative intent, it has been held that the law in effect at the time of the exercise of a power of appointment controls its exercise, rather than the law in effect at its creation. *Rhode Island Hospital Trust Co v Dunnell,* 34 RI 394; 83 A 858 (1912).

MCLA 556.114; MSA 26.155(104) is a statutory rule of construction. It is important to remember that in an action for construction the sole objective is to ascertain and effectuate the intent of the testator as it appears from the language of the will. Resort to rules of construction is not permitted when the testator's intent is clearly expressed on the face of the will. However, if for some reason there is an ambiguity in the language utilized, and the intent of the testator is unkown or uncertain, courts must apply the rules of construction in their attempt to ascertain that intention.

Construction often requires an examination of the language of a will in light of extrinsic facts and circumstances surrounding a testator at the time he executed his will. When admitting extrinsic evidence, it is imperative that courts remember they may not venture beyond construing language in the will in order to discover intent. The use of

extrinsic evidence of facts and circumstances is limited to interpreting the words and phrases in the will.

It is readily apparent that MCLA 556.114; MSA 26.155(104) embodies these well accepted principles. The statute, when stripped of language which is not applicable to this case, reads:

"[A]n instrument manifests an intent to exercise the power if * * * the instrument * * * by necessary implication *from its wording,* interpreted in light of the circumstances surrounding its drafting and execution, manifests an intent to exercise the power. * * * Subject to the foregoing * * * a [residuary] clause * * * does not in itself manifest an intent to exercise a power exercisable by will." (Emphasis supplied.)

This statute restricts the use of extrinsic evidence to circumstances surrounding the drafting and execution of the instrument and prohibits the introduction of such evidence unless it explains or clarifies some "wording" of the instrument. It also declares that when the donor has provided for an express gift in default, the language of a residuary clause does not manifest the intent to exercise a power. The probate court purported to give effect to an intent not reflected in the wording of Mrs. Hund's will.

Appellees strongly argue that sufficient surrounding circumstances existed to support the probate court's finding that testatrix intended, by the use of a residuary clause, to exercise her power of appointment. However, appellees' argument is fatally flawed. The circumstances relied upon by appellees concern items such as testatrix's selection of an attorney, her choice of beneficiaries and distribution of estate, the prior law and the novelty of marital trusts in 1955. These items have

nothing to do with interpretation of *wording* used
in the will. If a court is permitted to find some
"necessary implication" sufficient to manifest an
intent to exercise a power of appointment from the
"wording" of a simple, garden-variety residuary
clause, then the "but in all other cases" portion of
the final sentence of the statute would be rendered
meaningless.

The decisions of the lower courts are reversed
and the case remanded to the Probate Court of
Oakland County. Costs to appellants.

T. G. KAVANAGH, C. J., and LEVIN and FITZGER-
ALD, JJ., concurred with LINDEMER, J.

WILLIAMS, J. *(concurring in the result).* I concur
in the result because MCLA 556.114; MSA
26.115(104), which applies in this case, specifically
provides in pertinent part:

"if there is a general power exercisable by will with
no express gift in default in the creating instrument, a
residuary clause or other general language in the do-
nee's will purporting to dispose of all of the donee's
estate or property operates to exercise the power but *in
all other cases such a clause or language does not in
itself manifest an intent to exercise a power exercisable
by will."* (Emphasis added.)

In this case the creating instrument did provide
for an express gift in default. Since there is no
specific exercise of the power "either expressly or
by necessary implication from its [Helen M.
Hund's will's] wording", the language of the stat-
ute indicating that a residuary clause purporting
to dispose of all the donee's estate "does not in
itself manifest an intent to exercise a power" is
controlling.

M. S. COLEMAN, J. *(dissent).* I respectfully dis-
agree with the opinion of the majority and would
affirm the lower courts.

Those facts set forth in the majority opinion are
accepted in so far as they are stated.

The principal issue is whether the residuary
clause of Helen M. Hund's last will and testament
is sufficient to exercise her power of appointment
in accordance with MCLA 556.114; MSA
26.155(104) which was enacted after the execution
of her will and less than three months before her
death. That statute provides:

"Unless otherwise provided in the creating instru-
ment, an instrument manifests an intent to exercise the
power if * * * the instrument * * * by necessary impli-
cation from its wording, *interpreted in the light of the
circumstances surrounding its drafting and execution,*
manifests an intent to exercise the power." (Emphasis
added.)

The decedent's will was dated November 28,
1955. She died on October 30, 1970. The statute in
question was made effective as of August 6, 1970.

While a will does not take effect until death,
intent of the testator is determined at execution.
*Morrow v Detroit Trust Co,* 330 Mich 635; 48
NW2d 136 (1951). At execution of the will of
testatrix, the statute involved in the instant case
did not exist. The then-existing statute would have
exercised the power of appointment under the
residuary clause of the will. That statute provided:

"Land embraced in a power to devise, shall pass by a
will, purporting to convey all the real property of the
testator, unless the intent that the will shall not oper-
ate as an execution of the power, shall appear ex-
pressly, or by necessary implication."

This statute was held also to apply equally to personal property. *Townsend v Gordon,* 308 Mich 438; 14 NW2d 57 (1944).

Oakland County Probate Judge Donald E. Adams and Circuit Judge Arthur E. Moore, both acknowledged experts in probate matters, concluded that the testatrix intended to and did exercise the power of appointment through the residuary clause of her will. Several factors and circumstances combined to effect this conclusion which the Court of Appeals affirmed and which I would affirm.

My colleagues fail in the application of several basic concepts to the facts of this case:

(1) It is a cardinal rule of will construction that the courts should strive to carry out the intent of the testator.[1]

(2) The will should be read as a whole and all provisions and circumstances existing at the time of the execution should be considered.[2]

(3) The court should not reverse unless the findings of fact are clearly erroneous[3] or the law is applied incorrectly.

I.

Although it is acknowledged that the statute in effect at the time of death controls, it is here necessary to consider the statute in effect at the time of signing the will as one of several "circumstances" bearing upon the intent of the testator.

A competent and experienced lawyer who had worked with the Hunds over the years prepared

---

[1] *Mills v Butler,* 364 Mich 422; 110 NW2d 817 (1961), *In re Graham Estate* 379 Mich 224; 150 NW2d 816 (1967), *In re Charlton Estate,* 9 Mich App 625; 157 NW2d 821 (1967).

[2] *Hudson v Lindsay,* 383 Mich 126; 174 NW2d 822 (1970).

[3] GCR 1963, 517.1.

Mrs. Hund's will after her husband's death. It may be presumed that the lawyer was cognizant of the applicable laws and applied them to carry out her wishes. There is good reason to believe that both the lawyer and Mrs. Hund knew the consequences of the will at the time of execution. No "contrary intention" was indicated in the will, so the statute existing at the time of execution would have caused the exercise of power.

It is also reasonable to believe that Herbert L. Hund knew exactly what he was doing when he placed two-thirds of his estate in a "Residuary Trust" with income to his wife during her lifetime and then to his heirs. Mr. and Mrs. Hund had no children. He placed the remaining one-third in a "Marital Trust" with income to Mrs. Hund for life. By this trust she was

"given the unrestricted right and authority to direct the disposition of the corpus of said 'Marital Trust' by the terms of her Last Will and Testament, to her estate or to such person or persons, and in such manner as she alone may elect."

The net result was that about one-half would go to his relatives and one-half to her relatives or her designated beneficiaries. If Mrs. Hund failed to exercise the power of appointment as described above, an express gift in default would be combined with the corpus of the Residuary Trust to be distributed to Mr. Hund's heirs.

The will clearly provides for the method of appointment as statutorily provided at that time.

Several other circumstances surrounding the drafting and execution of Helen M. Hund's will are of importance:

1. Both husband and wife had worked hard and

prospered together. The probate court found as fact that both were active in the business and that they had sought advice and counsel from a competent law firm which drafted the estate plans and the instrument in question. It was natural that in effect Mr. Hund's trusts divided the estate into halves and that his Residuary Trust went to his heirs. The plain wording of the Marital Trust left the other half to his wife to dispose of as she would.

2. At the time the will was executed, Mrs. Hund had knowledge of her assets and the subjects of her bounty —primarily her heirs and two of her husband's relatives who had been kind to her and, so far as we can discern, continued to be close. The natural objects of Mrs. Hund's bounty were remembered in her will. It is natural that Mrs. Hund would wish to leave most of her estate to her side of the family, but Mr. Hund's heirs wish all but about one-sixth of the estate accumulated during the years of decedents' marriage.

To the contrary, the estate plan when formulated, assuming exercise of the power as then provided, would leave husband and wife with approximately equal amounts. Plaintiffs argue that Mrs. Hund's relatives are in Canada but Mr. Hund's relatives live in Detroit, so would be more natural recipients of her bounty. This argument is not persuasive. There is no indication that this is a situation new since decedent's will was executed, yet she willed most of her estate to them in 1955. Also, a relative in Highland Park, Dallas or Miami—or Canada—would be in no degree less a blood relative with natural ties because of distance.

3. The fact that Mrs. Hund died not quite three months after the new statute became effective affirms the importance of the prior statutory provision as a "circumstance" of weight. It is not reasonable to presume conclusively that she knew of the changed law so that she would hurry out to change her will. Her age, physical disabilities and the short time prior to death lead to the conclusion that she did indeed wish her estate to be apportioned as planned at the time of will execution.

The intent of the testator is clear.

## II.

Appellant argues that the new statute provides a rule of evidence and that extrinsic evidence of circumstances surrounding the drafting and execution of such instrument may not be introduced unless it explains and clarifies "the wording" of the instrument.

Granted that this argument has merit, its conclusion does not easily follow under these circumstances.

First consider the words of the Marital Trust in light of the current statutory language, "unless otherwise provided in the creating instrument". Mr. Hund did provide a way to assert the power of appointment.

His plan should be honored.

Next, Mrs. Hund's will "interpreted in the light of the circumstances surrounding its drafting and execution" clearly sets forth her intent. Read as a whole and in relation to the circumstance of the law when it was written, she has exercised her power of appointment as intended.

The Legislature has been careful not to defeat the intent of testators. I would not defeat that purpose by such a restrictive use of "the wording". "Wording" is at the heart of this matter and this "wording" under the "circumstances" surrounding the execution of the will is determinative.

## III.

This is said to be a close case subject to either conclusion. Although I do not agree, at a minimum we should find the conclusions of the lower courts not clearly erroneous. The intent of the testator should tip the scales.

I would affirm.