SECURITY TRUST CO. *v.* SOLOMON.

1. MORTGAGES — FORECLOSURE — STIPULATED ATTORNEY FEE UNENFORCEABLE.
    A stipulation in a mortgage that a specified sum is chargeable as attorney's fees on foreclosure is unenforceable.

2. SAME—COURT MAY ALLOW REASONABLE ATTORNEY FEE.
    On foreclosure of a mortgage the court has power to allow a reasonable sum as attorneys' fees.

[1]Mortgages, 41 C. J. § 264; [2]Id., 42 C. J. § 2062.

3. Same — Reasonable Attorney Fee Allowed by Court Not
Subject to Attack.

> Where the mortgagor agreed in the mortgage that in case
> of foreclosure the trustee should deduct reasonable com-
> pensation for its attorneys before any surplus should be
> payable to him, he may not attack the allowance for at-
> torneys' fees made by the court, in the absence of a show-
> ing that it is not reasonable compensation for the service
> rendered, nor is the second mortgagee in any better position
> to attack it than is the mortgagor.

Appeal from Wayne; Brown (William B.), J., pre-
siding.    Submitted October 14, 1927.    (Docket No.
134.)    Decided December 1, 1927.    Rehearing denied
January 19, 1928.

Bill by the Security Trust Company against Ben-
jamin Braver, Lena Solomon, and others for the fore-
closure of a trust mortgage.    From a decree for plain-
tiff allowing expenses for attorneys' fees, defendant
Solomon appeals.    Affirmed.

*Beaumont, Smith & Harris (M. S. Harlan,* of coun-
sel), for plaintiff.

*Retan, Benjamin & Quay (Harry H. Platt,* of coun-
sel), for appellant.

Sharpe, C. J.    In this suit, brought to foreclose a
mortgage executed to plaintiff as trustee to secure a
bond issue, and in which it was appointed a receiver
of the property, the trial court allowed it for "ex-
penses for attorneys' fees" the sum of $1,500.    The
defendant Lena Solomon, a second mortgagee, appeals
from such allowance.

This court has repeatedly held that a specified sum
stipulated in a mortgage to be chargeable as attorneys'
fees on foreclosure is not enforceable.    *Curtis* v.
*Mueller,* 184 Mich. 148, and cases cited.

This mortgage provided:

---

³Mortgages, 42 C. J. §§ 2063, 2064.

"Upon sale being made by any of the methods in this indenture provided for, the trustee shall first take from the proceeds thereof all costs, disbursements, and expenses of such proceedings, as well as the expenses, disbursements, and reasonable compensations of the trustee and of its counsel, and shall apply the remainder as follows:

"(1) To the payment of all taxes, insurance, assessments, rates, charges, labor or mechanic's liens due and unpaid.

"(2) To the payment of all the principal and interest of the bonds then outstanding in full if such proceeds be sufficient, but if not, then *pro rata*, without preference or priority of one bond over another, or of interest over principal.

"(3) To the *pro rata* payment of any income tax due the holder or holders of any bond or bonds or interest coupons, in accordance with the provisions hereinbefore set forth.

"(4) The payment of the surplus, if any, to the mortgagor, his heirs, executors, administrators or assigns."

The mortgagor thereby agreed that the plaintiff should deduct the reasonable compensation of its attorneys, if foreclosure be had, before the surplus, if any, should be payable to him. The appellant is in no better position to attack this allowance than the mortgagor would be. No claim is made that the amount allowed is not a reasonable compensation for the service rendered. This court has sustained such allowances when contested in *Union Trust Co.* v. *Railway*, 127 Mich. 252, 269, and in *Union Trust Co.* v. *Amusement Co.*, 163 Mich. 687. There is no reason, apparent to us, why we should not do so in this case.

The decree is affirmed, with costs to appellee against appellant.

BIRD, FLANNIGAN, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

The late Justice SNOW took no part in this decision.