*In re* GRANVILLE ESTATE.
CLAIM OF SIEBERT.

1. Estates of Decedents—Tardy Claims—Negligence of Creditor —Question of Fact.
  The determination of whether or not claimant who presented a claim against the estate of decedent some 3 years and 3 months after the time originally fixed for the presentation of claims was negligent in being so tardy is a matter for the trier of the facts (CL 1948, § 708.18).

2. Appeal and Error—Nonjury Case—Finding of Fact—Evidence.
  The Supreme Court does not reverse a finding of fact by a trial court sitting without a jury unless the finding is against the preponderance of the evidence, since the trial court is in a better position to judge of the credibility of witnesses and weigh their testimony.

---

References for Points in Headnotes
[1] 21 Am Jur, Executors and Administrators § 366.
[2, 3] 3 Am Jur, Appeal and Error § 900.

3. Estates of Decedents—Tardy Claims—Negligence—Credibility of Claimant—Evidence.

> Trial court's findings in nonjury case that administratrix of deceased husband's estate was neither negligent nor lacking in credibility as to presentation of tardy claim in behalf of his estate against estate of his deceased sister for money the brother had loaned to latter, *held*, not against the preponderance of the evidence (CL 1948, § 708.18).

Appeal from Wayne; Culehan (Miles N.), J. Submitted April 6, 1956. (Docket No. 41, Calendar No. 46,539.) Decided May 14, 1956.

Nellie Fischer Siebert, administratrix of the estate of Henry P. Fischer, deceased, made application to file tardy claim against the estate of Celia Granville, deceased. Orders entered in probate and circuit courts granting permission. Robert C. Middelton, Helen Middelton and Mattie Bowling, beneficiaries and residuary legatees under the will of Celia Granville, appeal. Affirmed.

*Harry Cohen* and *William Bramson,* for claimant.

*Nathan E. Shur,* for appellants Middelton.

*Joseph M. Weiss,* for appellant Bowling.

Smith, J. This case involves a tardy claim permitted to be filed in probate proceedings. Celia Granville had died, testate, on September 9, 1948. Her will was contested by certain of her nephews and nieces, who had been omitted therefrom. The contest was unsuccessful.

The time originally fixed for the presentation of claims in the estate of Celia Granville was January 10, 1949. Application for leave to submit the claim before us was not, however, filed until April 9, 1952 (at which time the estate was still open). The ap-

plication stated that appellee therein, Nellie Fischer Siebert, administratrix of the estate of Henry P. Fischer (her deceased husband) had a claim of approximately $4,000, evidenced by a certain promissory note executed by the deceased Celia Granville. A photostat of the note was attached, and execution thereof has not been challenged. The application further stated that the claim had not been presented theretofore "because I believed that all proceedings in the within estate were suspended pending hearing in the circuit court for Wayne county, on a proceeding to contest the will of the said Celia Granville." In this belief she had been supported by opinion of counsel. Appellants filed objections thereto in due course, asserting that Mrs. Siebert's failure to present the claim seasonably was due to her "fault and negligence." Thereafter, and on May 19, 1952, Mrs. Siebert filed an additional affidavit in support of her application. She set forth in this affidavit that, although she had known that her deceased husband had lent to Celia Granville, his sister, various sums of money, she had not discovered the "said note" until the latter part of March, 1952, in spite of prior "careful and thorough search."

The probate court, having found that "said petitioner was without neglect in presenting her tardy claim," granted permission for the filing of the same. Upon appeal taken to the circuit court of Wayne county the order of the probate court was affirmed and the matter is before us on a general appeal.

It developed from the testimony that appellee's deceased husband, Henry P. Fischer, had practiced law for some 35 years and that upon his death all of his files "were put in the basement and attic." Mrs. Siebert, knowing of loans by her husband to Celia Granville and, further, having been advised by counsel to produce the same for certain purposes in the will contest, testified of her fruitless efforts to find

evidence of the indebtedness among the files. It was not, she testified, until after the will contest that she "decided to start throwing out these old files" and emptied some of the cartons. In one of them she found "a small Liberty Bond box with notes owing" to her husband. One of them was the note involved in the case before us.

Appellants urge upon us that Mrs. Siebert's story is inherently unbelievable and that the determination of the trial court was contrary to the clear weight of the evidence. It is argued that the will contestants were Mrs. Siebert's children, and that she deliberately "held back filing this claim until after the determination of the will contest, for the reason that had they prevailed, there would have been no need to file the claim, thereby avoiding disclosure of her prior concealment of assets in the guardianship estate, where said asset would have been subject to the payment of claims in that estate." (The guardianship estate referred to is that of Henry P. Fischer, who was incompetent for a short time prior to his death.) Certain inconsistencies in her probate and circuit court testimony also were urged upon us by appellants, and denied by appellee, particularly with reference to the contents of the Liberty Bond box. We need not exhaust here the pros and cons of the arguments made.

The statute involved (CL 1948, § 708.18 [Stat Ann 1943 Rev § 27.3178(428)]) requires as follows:

"On the application of a creditor who has failed to present his claim, if made within 18 months following the time originally fixed by the court for the presentation of claims, and before such estate is closed, the judge of probate shall allow further time, not exceeding one month, for such creditor to present his claim, which claim may then be heard by the court or referred to a referee as hereinbefore provided: Provided, That all costs and charges re-

sulting from said application and the proceedings thereon had in probate court, or before the referee shall be paid by the party making the application. After 18 months following the time for presentation of claims as originally fixed by the probate court, no claim against the estate shall be received and considered unless the probate court, upon prior notice to the fiduciary and after hearing, shall determine that the failure of such creditor to present his claim sooner was not due to any fault or neglect on the part of such creditor. Five days' notice by personal service of the time and place of the hearing on any tardy claim shall be given to the fiduciary."

The words upon which the present issue turns are those referring to "fault or neglect on the part of such creditor." Was there such fault or neglect? The determination thereof is a matter for the trier of the facts. The circuit court here sat without a jury and we have consistently held that, under such circumstances, we do not reverse unless there is a clear preponderance against the trier's findings. As we said in *In re Karch's Estate,* 311 Mich 158, 162:

"It is the province of the trial judge in a nonjury case to draw legitimate inferences and weigh the probabilities from the established facts. *Hazen v. Rockefeller,* 303 Mich 536. The trial judge who heard the witnesses as trier of the facts is better able to judge of their credibility and the weight to be accorded their testimony, and we do not reverse unless the evidence clearly preponderates in the opposite direction."

In the case before us the circuit court found neither negligence nor lack of credibility and we can-

not say, upon this record, that the evidence clearly preponderates in the opposite direction.

Affirmed. Costs to appellee.

Dethmers, C. J., and Sharpe, Boyles, Kelly, Carr, and Black, JJ., concurred.

The late Justice Reid took no part in the decision of this case.