*In re* HOWARTH ESTATE

HOWARTH v HOWARTH

Docket No. 53383. Submitted June 10, 1981, at Lansing.—Decided July 23, 1981.

Ada Howarth brought a claim against the estate of Thomas W. Howarth, deceased, for recovery on a promissory note. Following trial, she was awarded the principal amount of the note and interest, and, because the note included a promise to pay the costs of collection if not paid at maturity, she was awarded attorney fees as costs of collection, Gladwin Circuit Court, Alexander T. Strange, J. Joan A. Howarth, as personal representative of the estate, appeals, alleging that the trial court erred in declining to hold that the promissory note had been discharged by accord and satisfaction, by applying the doctrine of equitable estoppel to avoid the period of limitation for such actions, and in awarding attorney fees in the amount of one-third of the recovery. *Held:*

1. Appeals from probate courts are not tried *de novo,* and findings of fact will not be reversed on appeal unless they are against the preponderance of the evidence. The record reveals that the findings of the trial court are not against the preponderance of the evidence.

2. The trial court properly held that the respondent was estopped from raising the running of the statute of limitations in her defense. The record reveals that the claimant was induced by the decedent to postpone bringing her action on the reasonably well-grounded belief that her claim would be adjusted.

3. No evidence was presented relative to proving the amount

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 139.

[2] 51 Am Jur 2d, Limitation of Actions §§ 438, 444.
   Promises to settle or preform as estopping reliance on statute of limitations. 44 ALR3d 482.
   Estoppel to rely on statute of limitations. 24 ALR2d 1413.

[3] 7 Am Jur 2d (Rev), Attorneys at Law §§ 247, 294.

[4] 7 Am Jur 2d (Rev), Attorneys at Law § 277.
   29 Am Jur 2d, Evidence § 81.

of attorney fees to be assessed as part of the damages for the breach of contract, nor did the trial court take judicial notice of the reasonableness of the amount claimed. Thus, the case must be remanded for an evidentiary hearing to determine the amount of attorney fees to be awarded.

Affirmed in part, reversed in part, and remanded.

1. APPEAL — PROBATE COURTS — FINDINGS OF FACT — STATUTES.

A matter on appeal from a probate court is not tried *de novo,* and findings of fact by a probate judge, as the trier of fact, will not be reversed on appeal unless the findings are against the preponderance of the evidence (MCL 600.866; MSA 27A.866).

2. LIMITATION OF ACTIONS — DEFENSES — ESTOPPEL.

A defendant should be estopped from raising the defense that the period of limitation of actions in a particular case has run where it fairly can be said that he is responsible for deceiving the plaintiff and inducing him to postpone bringing the action upon some reasonably well-grounded belief that an adjustment of his claim would be forthcoming.

3. ATTORNEY AND CLIENT — ATTORNEY FEES — PROBATE COURTS — CONTRACTS — STATUTES.

Attorney fees for any single claim against an estate in a probate court are statutorily limited; however, where a claim for attorney fees is not taxed as costs but is part of a party's contract claim against an estate the contract provision should be construed so as to limit recovery to a reasonable amount which does not amount to a penalty (MCL 700.705; MSA 27.5705).

4. ATTORNEY AND CLIENT — ATTORNEY FEES — CONTRACTS — ACTIONS — JUDICIAL NOTICE — EVIDENCE.

A claim for attorney fees as damages for a breach of contract should be established by the introduction of evidence; however, where the customary range of attorney fees, including contingent fees, in similar cases generally is known within the jurisdiction or is a fact capable of accurate and ready determination by resort to sources the accuracy of which reasonably cannot be questioned, a trial court may resolve the issue by taking judicial notice of such knowledge or facts (MRE 201).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *David E. S. Martin),* for plaintiff.

*Gerald Edson, Jr.,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. This case involves a contested claim against an estate. Appellee, the mother of the deceased, recovered the $23,940 principal of a promissory note, with $11,318.60 interest. Since the promissory note at issue included a promise to pay "costs of collection if not paid at maturity", appellee also was allowed to recover $11,806.64 as costs of collection. Appellant appeals by right pursuant to MCL 600.861; MSA 27A.861.

Appellant first argues that the trial court erred by declining to hold that the promissory note had been discharged by an accord and satisfaction during the deceased's lifetime. Appeals from probate courts are not tried *de novo*. MCL 600.866; MSA 27A.866. Findings of fact by a probate judge sitting without a jury are not reversed unless the evidence clearly preponderates in the opposite direction. *In re Granville Estate,* 345 Mich 495; 76 NW2d 827 (1956). We cannot say that the evidence here clearly preponderates contrary to the trial court's findings.

It next is argued that the trial court erred by applying the doctrine of equitable estoppel to avoid the statute of limitations. In *Klass v Detroit,* 129 Mich 35, 39, 40; 88 NW 204; 95 Am St Rep 407 (1901), the Court said:

"It is a legal maxim that nothing can interrupt the running of the statute of limitation, and it is commonly stated without any qualification. But the courts have ingrafted upon statutes of limitation an exception based upon estoppel. This seems to be limited to cases involving an intentional or negligent deception, and the rem-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

edy used to be a bill in equity to enjoin the pleading of the statute.

\* \* \*

"It is apparent from the foregoing that the usual rules pertaining to estoppel should be applied in such cases, and that the defendant will not be precluded from availing himself of such defense unless it can be fairly said that he is responsible for deceiving the plaintiff, and inducing him to postpone action upon some reasonably well grounded belief that his claim will be adjusted if he does not sue."

Here, the trial court found that the deceased had been entrusted with certain of his mother's business affairs and, with her consent, borrowed the proceeds of investments which he made for her. The deceased previously had given his mother a renewal note to avoid the running of the statute of limitations, and she trusted him completely to take actions to further preserve her rights. She was unsophisticated and ignorant of the statute of limitations, whereas he was an experienced businessman. On these facts, the trial court did not err by finding that appellee was induced to postpone suit on a reasonably well-grounded belief that she would be paid if she did not sue. The factual basis for concluding that appellee's belief was reasonably well-grounded was the close, confidential relationship between appellee and the deceased.

The last issue raised herein claims that the trial court erred by awarding attorney fees of one-third of the amount recovered on the promissory note under a provision of the note requiring payment of the costs of collection if the note was not paid at maturity. Costs in probate court for a claim against an estate are limited to $100 as an attorney fee for any single claim by MCL 700.705; MSA 27.5705. Thus, it is clear that the award of $11,752

as an attorney fee here was not a taxation of costs but part of appellee's contract claim against the estate. A contract provision such as that at issue here must be construed as limited to reasonable attorney fees, otherwise it violates public policy as a penalty. *Security Trust Co v Solomon,* 241 Mich 52; 216 NW 405 (1927), *In re Schafer's Bakeries,* 155 F Supp 902 (ED Mich, 1957).

Comparison of the parties' briefs on appeal demonstrates that there is no real dispute as to the correctness of the foregoing. However, appellee presented her claim for attorney fees to the trial court under the procedures specified in GCR 1963, 526.11 for taxing costs rather than as a claim against the estate under the contract. No evidentiary proceeding on this question was held, even though appellant filed a memorandum which stated, among other things, that the fees bore no relationship to the reasonable value of the services of appellee's counsel in this matter.

No Michigan authority explains how a claim for attorney fees such as that at issue here may be established. Nationally, there is a split of authority with no clear majority rule. See the cases found in Anno: *Necessity of Introducing Evidence to Show Reasonableness of Attorneys' Fees Where Promissory Note Provides for Such Fees,* 18 ALR3d 733.

We believe that the better rule is to require introduction of evidence. A party asserting a breach of contract claim bears the burden of proving his damages with reasonable certainty. *S C Gray, Inc v Ford Motor Co,* 92 Mich App 789, 801; 286 NW2d 34 (1979), *lv den* 408 Mich 869 (1980). Appellee's claim for attorney fees here was simply a claim for damages for breach of contract and should have been treated as any other such claim.

While in a proper case a trial court may resolve an issue like this through judicial notice of adjudicative facts pursuant to MRE 201, the trial court here did not purport to do so. Moreover, it does not appear to us that the customary range of attorney fees in a case of this nature was either a fact generally known within the jurisdiction of the trial court or a fact capable of accurate and ready determination by resort to sources whose accuracy reasonably cannot be questioned. MRE 201(b).[1] The case must be remanded to the trial court for an evidentiary hearing and resolution of this question.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with the foregoing. We retain no jurisdiction. No costs, neither party having prevailed in full.

[1] We wish to note that the requirement we impose that the reasonableness of the attorney fees be established does not preclude the trial court from determining that a contingent fee or, specifically, this contingent fee is a reasonable one.