*In re* KURTZ ESTATE

CHASE v COLLINS

THOMAS v COLLINS

Docket Nos. 53431, 53478. Submitted December 17, 1981, at Detroit.— Decided March 3, 1982.

Anna K. Kurtz died testate, providing in her will that a life estate in the residue of her estate be given to her daughter, Helen Utley. The will provided that, if Helen Utley predeceased the testator or died without issue, then the residue was to be distributed in accordance with provisions in certain subparagraphs of the will. Helen Utley survived Anna Kurtz but subsequently died without issue. A petition of the trustee for determination of beneficiaries of Anna Kurtz's will, sought to split the beneficiaries into three classes. Class I beneficiaries were to be those persons specifically named in Anna Kurtz's will who survived Helen Utley. Class II beneficiaries were to be those persons taking the share of their parent or grandparent by express terms of the will. Class III beneficiaries were to be those persons who predeceased Helen Utley but for whom no alternate legatees were named. The Wayne Probate Court, Willis F. Ward, J., held that only Class I and Class II beneficiaries were to take under the will and that heirs or devisees of the Class III beneficiaries were not to receive any share, since those shares lapsed. John M. Chase, Jr., guardian ad litem, and The Cottage Hospital Corporation, The University of Michigan, Children's Hospital of Michigan, and Grace Thomas, the possible takers under Class III beneficiaries, appealed and the appeals were consolidated. *Held:*

Examination of the entire will of Anna Kurtz reveals that the provisions for alternate takers of some legacies, while there was an omission of alternate takers of other legacies, was not an oversight or ambiguity. It manifested a clear intent that

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 839 *et seq.*
  20 Am Jur 2d, Courts § 67.
[2, 3] 80 Am Jur 2d, Wills §§ 1128, 1140, 1143, 1145, 1153.
[3] 80 Am Jur 2d, Wills § 1363.

only those named beneficiaries should take under the will. The probate court did not err in holding that only Class I and Class II beneficiaries should take under the will, except for Grace Thomas. In that instance, the intent of Anna Kurtz is not clear. The bequest was not to a named person with no alternate taker. Specific provisions were made for the possibility of the primary remainderman predeceasing the life tenant, Utley and thus, this legacy appears to be more like the Class II bequests and should be allowed to Grace Thomas. Except as to Grace Thomas, the trial court correctly determined that the intent of the will was clear. Bequests to the Class III beneficiaries were to them as individuals only and, their failure to survive the life tenant caused the expectancies to lapse.

Affirmed in part, reversed in part, and remanded.

1. COURTS — PROBATE COURTS — FINDINGS OF FACT.

Findings of fact by a probate judge sitting without a jury will not be reversed on appeal unless the evidence clearly preponderates in the opposite direction.

2. WILLS — INTENT OF TESTATOR.

A dispute concerning the meaning of a will should be resolved with the objective of ascertaining and effectuating the intent of the testator.

3. WILLS — VESTING OF ESTATES — CONDITION PRECEDENT TO VESTING.

The law favors early vesting of estates pursuant to the provisions of a will; however, where the intent of the testator is clear that certain estates should not vest until a specific contingency occurs, such provisions should be enforced by the courts as conditions precedent to vesting of the estates.

*DeMoss & Thompson,* for Grace Thomas.

*Clark, Klein & Beaumont,* for John M. Chase, Jr., and The Cottage Hospital Corporation.

*Roderick K. Daane,* for The University of Michigan.

*Bodman, Longley & Dahling,* for Children's Hospital of Michigan.

*Marijana Relich,* for Elizabeth Collins Leonard, Jeanne P. Collins, and Tulane Collins Eastman.

Before: N. J. KAUFMAN, P.J., and BASHARA and R. I. COOPER,* JJ.

BASHARA, J. Petitioners appeal from an order of the Wayne County Probate Court denying the petition of Pierre V. Heftler, trustee for determination of beneficiaries. Relevant facts are as follows:

Anna W. Kurtz died on February 5, 1936. Paragraph four of her will provided that a life estate in the residue be given to Mrs. Kurtz's daughter, Helen K. Utley. Under paragraph five, if Helen Utley died with issue, her issue received the residue of the estate. Paragraph six directed that, if Helen Utley predeceased the testator or died without issue, then the residue was to be distributed in accordance with its subparagraphs.

Helen Utley died without issue in January of 1979. The petition of the trustee sought to split the beneficiaries under paragraph six into three classes. Class I beneficiaries were those named in paragraph six who survived Helen Utley. Class II beneficiaries were those taking the share of their parent or grandparent, by express terms of the will. Class III beneficiaries were those who predeceased Helen Utley but for whom no alternate legatees were named.

There is no dispute as to the distribution to Class I or Class II beneficiaries. The controversy before the probate court and this Court is whether the Class III beneficiaries are entitled to share in the residue of the estate of Anna Kurtz or whether their shares lapse by reason of their failure to survive the life tenant.

Initially, we note our limited standard of review. Findings of fact by a probate judge sitting without

---

* Circuit judge, sitting on the Court of Appeals by assignment.

a jury will not be reversed unless the evidence clearly preponderates in the opposite direction. *In re Granville Estate,* 345 Mich 495; 76 NW2d 827 (1956), *In re Howarth Estate,* 108 Mich App 8; 310 NW2d 255 (1981).

The trial court found the intent of the will to be clear and that it would not have to resort to rules or statutes of construction. Its opinion reasoned that it was "impossible to imagine" that the testatrix "would have considered the possibility that certain remainder devisees might predecease her daughter while ignoring others". Two statements from the will indicated that "the testatrix intended the operative point of time to be the date of death of her daughter". The court, therefore, held that heirs or devisees of the Class III beneficiaries were not to receive any share, and that the beneficiaries were only those designated as Class I or Class II.

We agree with the trial court that ascertaining and effectuating the intent of the testatrix should be the sole objective. *In re Butterfield Estate,* 405 Mich 702, 711; 275 NW2d 262 (1979), *In re Hund Estate,* 395 Mich 188, 196; 235 NW2d 331 (1975), *reh den* 395 Mich 923 (1976).

The will of Anna Kurtz contains the following language:

"*Five:* Upon the death of my said daughter, Helen K. Utley, leaving issue her surviving, the residue of my estate thereafter remaining, of every name, nature and description, I give, devise and bequeath unto her child or children, born of her body, to be the property of such child or children absolutely, and in equal shares, if there be more than one.

"*Six:* In the event my said daughter, Helen K. Utley predecease me, or *in the event that* she shall after my

decease, die leaving no such issue her surviving, then I will and direct as follows:

\* \* \*

"In so doing I have carefully considered my relatives and the relatives of my deceased husband, and the claims of each, and all of them, to remembrance and bounty at the hands of my husband or myself, and have included in this my last will and testament such provisions of those of such relatives as I believe to be equitable and just.

"I hereby give, devise and bequeath said combined estates as follows, *the same to take effect* as of the date of the death of my said daughter without issue born to her \* \* \*." (Emphasis added.)

Subparagraphs (a) through (q) followed, naming specific legacies. An example of a Class II beneficiary can be found in subparagraph (e):

"(e) To Elizabeth Barrett, wife of William Barrett of Downing, Pa., cousin of my deceased husband, Three Thousand Dollars ($3,000.00), and if she shall predecease such date, then her share shall be distributed to her children and their descendants, *per stirpes.*"

An example of a Class III beneficiary is in subparagraph (d) which provides:

"(d) To my son-in-law, S. Wells Utley, Ten Thousand Dollars ($10,000.00)."

Paragraph seven provided in part:

"*Seven:* Should there not be sufficient assets available at the said date to satisfy in full all of the legacies set forth in the next preceding paragraph, then I direct that said assets shall be distributed among such of said legatees *as are then entitled to receive the same,* \* \* \*." (Emphasis added.)

We are in basic agreement with the trial court's determination. The court relied upon provisions that the estates were to "take effect as of the date of death of my said daughter" and, if there were not sufficient assets available, the assets would be "distributed among such of said legatees as are then entitled to receive the same".

The operative point of time, therefore, was the date of death of Anna Kurtz's daughter. The language, "to take effect as of the date of death" of her daughter without issue, to the various legatees, created a contingent remainder in the beneficiaries. The contingency is the death of Helen Utley without issue. Once that event occurred, the legacies would take effect. If the contingency had never occurred, the estates would never vest.

Examination of the entire will emphasizes that the provision for alternate takers in some legacies, while there was an omission of alternate takers in others, was not an oversight or ambiguity. It manifested a clear intent that only those named beneficiaries should take under the will.

The will is not ambiguous in either a patent or latent fashion. It does not provide for immediate vesting, subject to defeasance upon a subsequent condition that Helen Utley die without issue. Rather, the estates could not vest until the condition precedent occurred. While the law may favor early vesting, *Hudson v Lindsay,* 383 Mich 126; 174 NW2d 822 (1970), the testatrix's intention was clear that the gifts would not vest until the condition occurred. See *In re Churchill's Estate,* 230 Mich 148; 203 NW 118 (1925).

Regarding appellee Grace Thomas, the applicable provision in the will was paragraph 6(f), which provided:

"(f) To Cora King, wife of James L. King, of Westches-

ter, Pa., cousin of my deceased husband, Three Thousand Dollars ($3,000.00), and if she shall predecease such date, then her share shall be distributed to her children and their descendants, *per stirpes."*

Cora King died after the testatrix died but prior to the life tenant's death, leaving one child, Lavinia. Lavinia died without issue prior to the life tenant. Grace Thomas is the residual beneficiary of the will of Lavinia King. Thus, appellant Thomas claims the interest through the residuary clause of Lavinia King's will. The trial court did not separately rule regarding appellant Thomas but did omit Thomas as well as all Class III beneficiaries in its determination of beneficiaries.

The distinction here and in all the above Class III beneficiary cases is that a secondary remainderman is present. An alternate take provision was provided in paragraph 6(f). If children of Cora King were living when the life tenant, Helen Utley, died, even though Cora King had predeceased the life tenant, her children and descendants would take her share. However, Cora King's one child died without having any children prior to the death of the life tenant. Therefore, the children and descendants of Cora King are secondary remaindermen and the question as applied to them is whether they must have survived the life tenant in order for their share to vest.

We conclude that in this specific instance, the testatrix's intent is not so clear. The bequest was not to a named person with no alternate taker. Specific provisions were made for the possibility of the primary remainderman (Cora King) predeceasing the life tenant. Specifically, her share would be distributed to her children and descendants. Thus, this legacy appears more like the Class II bequests.

There is no reason to infer an intent that the secondary remainderman must survive the life tenant as there was in the other Class III legacies.

The case of *In re Jamieson Estate,* 374 Mich 231; 132 NW2d 1 (1965), appears to be on point. There, the bequest was to be divided in equal parts upon the death of the life tenant: to A if living and to A's heirs if not living; and to B if living and to B's heirs if not living. Both B and his heirs died prior to the life tenant. The appellants were claiming under B's heirs. The Court held that B was devised a vested remainder subject to defeasance by his death before the life tenant.

The following language is pertinent:

"Analogously, it would seem that no requirement of survival until the time of distribution should be imposed upon secondary remaindermen who are heirs of a primary remainderman, upon the latter of whom was imposed a condition of surviving until the time of distribution, when such requirement was omitted with reference to the heirs.

\* \* \*

"We conclude that unless a contrary intent is manifested, when a testator disposes of property to heirs, the heirs are to be determined upon the death of their ancestor. Such contrary intent will not be deduced from the bare fact that the heirs are secondary remaindermen." *Jamieson Estate, supra,* 238, 252.

See also *In re Hurd's Estate,* 303 Mich 504; 6 NW2d 758 (1942).

We, therefore, conclude that the children and descendants of Cora King did not have a share contingent upon their surviving life tenant Utley but a share which vested upon Cora King's death. Grace Thomas is now entitled to that share under the will of Lavinia King, the only child of Cora

King. The same analysis would also apply to the heirs of Lavinia Goodwin under paragraph 6(g) of the will although the petition stated that the heirs were as yet unascertained.

In summary, we conclude that except as to Grace Thomas, the trial court correctly determined that the intent of the will was clear. Bequests to the Class III beneficiaries were to them as individuals only, and their failure to survive the life tenant caused their expectancy to lapse.

The judgment of the probate court is affirmed except as to appellant Thomas. The matter is remanded to the trial court for entry of an amended order consistent with this opinion.