**CLARKLIFT OF NORTHWEST OHIO, INC., Plaintiff,**

v.

**.CLARK EQUIPMENT COMPANY, et al., Defendants.**

**CLARK CREDIT CORPORATION, Plaintiff,**

v.

**Leo STERKOWICZ, Defendant.**

**Nos. 3:92 CV 7039, 92 CV 7255.**

United States District Court,
N.D. Ohio,
Western Division.

Nov. 15, 1994.

William R. Lindsley, Lindsley & Karcher, Toledo, OH, Barry E. Savage, Savage, Jordan, Giha & Ballard, Toledo, OH, for Clarklift of Northwest Ohio, Inc., and Leo M. Sterkowicz.

Gerald R. Kowalski, Manahan, Pietrykowski, Bamman & Delaney, Toledo, OH, Jonathan B. Newcomb, Jones, Day, Reavis & Pogue, Chicago, IL, Michael J. Grossman, Clark Material Handling Co., Lexington, KY, for Clark Equipment Co.

Jonathan B. Newcomb, Thomas F. Gardner, Jones, Day, Reavis & Pogue, Chicago, IL, Michael J. Grossman, Clark Material Handling Co., Lexington, KY, for Clark Material Handling Co.

Dennis W. Bila, II, L. Graham Ward, Brochert & Ward, Bloomfield Hills, MI, John W. Oldham, Farmington Hills, MI, for Clarklift of Detroit, Inc.

Thomas P. Whelley, II, Chernesky, Heyman & Kress, Dayton, OH, for Miami Industrial Trucks, Inc.

Thomas W. Heintschel, Frederickson & Heintschel, Toledo, OH, for Clark Credit Corp.

Barry F. Hudgin, Schnorf, Schnorf & Ballard, Toledo, OH, for James L. Schueler.

## JUDGMENT ENTRY

KATZ, District Judge.

For the reasons stated in the Memorandum Opinion filed contemporaneously with this entry, IT IS HEREBY ORDERED, ADJUDGED and DECREED that attorney fees are not recoverable by plaintiff/counterclaimant Clark Credit Corporation. Therefore, partial summary judgment is granted on that issue to defendant Leo Sterkowicz in Case No. 92 CV 7255, and to counterclaim defendant Clarklift of Northwest Ohio in Case No. 92 CV 7039.

IT IS SO ORDERED.

## MEMORANDUM OPINION

KATZ, District Judge.

Pending before this Court is the issue of whether attorney fees incurred during the default and foreclosure process are recoverable in this action. Clarklift of Northwest Ohio, Inc. ("Clarklift") moved for summary judgment on this issue (Doc. No. 86), Clark Credit Corporation ("Clark Credit") opposed such motion, and Clarklift filed a reply.[1] The parties have filed their supplemental briefs addressing this issue (Doc. Nos. 108 and 109).

## I. PROCEDURAL HISTORY

In January of 1992, before the instant case was filed, Clarklift brought suit (Case No. 3:92 CV 7039) against Clark Equipment Company ("Clark Equipment"), Clark Credit ("Clark Credit") and others, alleging violations of the Sherman Act. In that case, Clark Credit filed an answer and counterclaim to Clarklift's Complaint. The counterclaim alleged a default on certain loan agreements between Clarklift and Clark Credit, and asked for possession of certain equipment upon which Clark Credit claimed a security interest, for injunctive relief, for declaratory judgment, for monetary judgment, and for pre-judgment attachment and appointment of a receiver. In essence, Clark Credit claimed that Clarklift was in default pursuant to paragraph seven of the Security Agreement between Clark Credit and Clarklift, and claimed relief under paragraph eight of the Security Agreement. Clarklift filed a reply essentially denying the allegations of Clark Credit's counterclaim.

On May 6, 1992, Clark Credit brought the instant case (Case No. 3:92 CV 7255) against Leo Sterkowicz and James Schueler, both of whom were asserted to be guarantors of the loan agreements between Clark Credit and Clarklift. Upon motion of Clark Credit, the Court, on September 18, 1992, ordered that the counter-claim regarding Clark Credit's allegations of default contained in the Anti-Trust Case be consolidated with the Sterkowicz Case. Thus, Clark Credit's counterclaim in Case No. 92 CV 7039 is now consolidated with the instant case. Clark Credit has dismissed its action against Schueler, leaving Clarklift and Sterkowicz as the only remaining defendants from whom Clark Credit seeks judgment.

Clark Credit has been granted summary judgment on the following issues:

(1) Clarklift defaulted under the terms of the Security Agreement and that Clark Credit was entitled to exercise its rights as a secured creditor pursuant to Ohio law and the Security Agreements at issue;

(2) Clark Credit's retaking of the collateral and disposition of such collateral was lawful and does not constitute conver-

---

1. There were several other issues in the motion for summary judgment, and this Court granted summary judgment to Clark Credit on the remainder of the motions for summary judgment. The Court held its ruling on attorney fees in abeyance pending the filing of supplemental briefs on the issue.

sion, and that the attachment bond posted should be released; and

(3) that Sterkowicz is liable for any deficiency realized by Clark Credit after the disposition of the collateral pursuant to the terms of the guaranty executed by Sterkowicz.

Additionally, summary judgment was granted to Clark Credit on Clarklift's counterclaim for conversion.

When making the above rulings, this Court withheld ruling as to whether attorney fees are recoverable in this case because Clark Credit had not yet briefed the issue.

## II. *FACTUAL BACKGROUND*

Clark Credit financed new and used lift material handling equipment that was sold or leased by Clarklift. Clarklift had a dealer agreement with Clark Equipment. The financing arrangement between Clark Credit and Clarklift was pursuant to two separate Security Agreements, the first of which was executed on October 10, 1980, and the second on June 22, 1989. The material provisions of the 1980 and 1989 Security Agreements are identical. Section 10.4 of both agreements provides as follows:

> 10.4 Applicable Law—The Agreement is entered into and all loans and other extension of credit are granted in the City of Buchanan, State of Michigan and this Agreement shall be construed in accordance with and governed by the laws of the State of Michigan.

On January 17, 1992, Clark Credit notified Clarklift and Sterkowicz that Clarklift was in default on the Security Agreement, and that, unless the default was cured by 5:00 p.m. on January 23, 1992, the entire amount of the indebtedness, liabilities and obligations outstanding under the Security Agreement would be automatically accelerated and become immediately due and payable without further notice or demand. On January 18, 1992, Clark Credit made a written demand upon Sterkowicz pursuant to the guaranty, demanding that he satisfy the debt pursuant to his guaranty. On January 21, 1992 Clarklift filed Case No. 92 CV 7255.

Clark Credit took possession of the assets of Clarklift and liquidated them. The liquidation was completed by September 21, 1992.

The issue remaining to be decided is whether Clark Credit can recover the attorney fees it incurred in the default and liquidation process. The question is complicated by the fact that, while the agreements at issue provide that Michigan law is to be applied, Clark Credit proceeded under Ohio law in effectuating their remedies under the Security Agreement. Moreover, although Michigan law holds that attorney fees are recoverable in default situations, Ohio law reaches the opposite conclusion.

## III. *LAW AND DISCUSSION*

The rule in Ohio regarding the recoverability of attorney fees upon default in payment of a debt was stated in *Miller v. Kyle*, 85 Ohio St. 186, 97 N.E. 372 (1911). The Ohio Supreme Court stated:

> It is the settled law of this state that stipulations incorporated in promissory notes for the payment of attorney fees, if the principal and interest be not paid at maturity, are contrary to public policy and void.

*Id.* at syllabus ¶ 1. The *Miller v. Kyle* holding, quoted above, retains strength to this day. *CIT Group/Equipment Fin., Inc. v. New GIFL, Inc.*, 823 F.Supp. 479, 484 (N.D.Ohio 1993). The Ohio Supreme Court recently stated that

> [w]hen a stipulation to pay attorney fees is incorporated into an ordinary contract, lease, note or other debt instrument, it is ordinarily included by the creditor or a similar party to whom the debt is owed and is in the sole interest of such party. In the event of a breach or other default on the underlying obligation, the stipulation to pay attorney fees operates as a penalty to the defaulting party and encourages litigation to establish either a breach of the agreement or a default on the obligation. In those circumstances, the promise to pay counsel fees is not arrived at through free and understanding negotiation.... Our decision today leaves undisturbed our holding in *Miller v. Kyle, supra*, and like cases.

*Worth v. Aetna Casualty & Surety Co.,* 32 Ohio St.3d 238, 242, 513 N.E.2d 253 (1987). It is clear, therefore, that, under Ohio law, attorney fees in the instant cases would not be recoverable.[2]

■ The parties agree, however, that Michigan law permits the recovery of attorney fees as damages where a contract provides that they are recoverable. *See, e.g., Central Transport, Inc. v. Fruehauf Corp.,* 139 Mich.App. 536, 362 N.W.2d 823 (Mich. App.1984); *Security Trust Co. v. Solomon,* 241 Mich. 52, 216 N.W. 405 (1927).

Therefore, as the parties expressly contracted that Michigan law apply, as is permitted under the Ohio Uniform Commercial Code, Ohio Rev.Code § 1301.05, attorney fees would appear to be recoverable in this action. However, for two reasons, this Court finds that this is not the case.

### A. *The Parties Relied Entirely Upon Ohio Law In The Foreclosure Proceedings*

■ Clarklift argues that Clark Credit has failed at any time in this case to plead its case under Michigan law, and has instead brought this action in Ohio, and utilized Ohio law in all relevant respects. Clark Credit has filed motions for replevin, possession, liquidation of collateral and summary judgment all based on Ohio law. Plaintiff argues that this is an admission by Clark Credit that Ohio law applies and that Clark Credit should be precluded from recovering any damages under Michigan law regardless of what law the contract says is applicable. Clarklift argues that Clark Credit waived its right to proceed under Michigan law.

Clark Credit counters that it did not intentionally relinquish its right to proceed under Michigan law. To find a waiver, Clark Credit maintains, there must be an intentional

relinquishment of a known right. *White Co. v. Canton Transp. Co.,* 131 Ohio St. 190, 198, 2 N.E.2d 501 (1936). The party relying upon a waiver must prove, by a preponderance of the evidence, a clear, unequivocal decisive act of the party against whom the waiver is asserted. *Id.* at 198–99, 2 N.E.2d 501.

This Court finds Clark Credit's arguments unconvincing. Clark Credit had the opportunity when it filed this action to advise the Court that the security agreement upon which it was foreclosing was controlled by Michigan law. Instead, plaintiff proceeded to ask for relief solely and exclusively under the Ohio replevin and related statutes. By proceeding under Ohio law for so long, this Court finds that Clark Credit effectively waived its right the contract provision providing that Michigan law applies. *Accord Tennant Co. v. Martin's Landscaping, Inc.,* 40 Conn.Supp. 475, 515 A.2d 665 (1986) (Written agreement entered into between the parties contained a choice of law provision providing that it be governed by Minnesota law, but because both parties premised their arguments in their memoranda on Connecticut case law, the court deemed that the parties effectively waived the choice of law provision); *Touche Ross, Ltd. v. Filipek,* 7 Haw.App. 473, 778 P.2d 721 (1989) (Parties to mortgage loan agreement effectively waived choice of law provision in loan documents calling for application of Canadian law by relying on Hawaii statutes and case law in memoranda of law submitted to lower court in foreclosure action and in their appellate briefs on appeal.)

### B. *The Recovery of Attorney Fees In The Instant Case Is Repugnant To Ohio Public Policy*

■ Ohio law provides that:

contractual provision that was assented to in a non-commercial setting by competent parties with equal bargaining positions and under neither compulsion or duress. Therefore, *Miller,* ..., provides no support for appellees' position that contracts providing for the payment of attorney fees in a non-commercial setting are unenforceable."

---

**2.** This holding is not affected by the Ohio Supreme Court's decision in *Nottingdale Homeowners' Ass'n v. Darby,* 33 Ohio St.3d 32, 514 N.E.2d 702 (1987). The Court in *Nottingdale* upheld an agreement of a condominium owner to pay the attorney fees of the condominium association upon the default by the owner in the payment of his condominium fees. However, the Court stated:

"[*Miller v. Kyle* ] is factually a far cry from the case now before us which involves a specific

The law of the state chosen by the parties to govern their contractual rights and duties will be applied unless either the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or application of the law of the chosen state would be contrary to the fundamental policy of a state having a greater material interest in the issue than the chosen state and such state would be the state of the applicable law in the absence of a choice by the parties.

*Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co.*, 6 Ohio St.3d 436, 453 N.E.2d 683 (1983).

Thus, the first requirement is that the chosen state must have a substantial relationship to the parties or the transaction, or that there must be some reasonable basis for the parties' choice. This requirement is met in the case at hand. It is clear that the State of Michigan has a substantial relationship to both the parties and to the transaction.

The second requirement is that the law of the chosen state must not violate the fundamental policy of the state that (1) has a greater material interest in the determination of the issue, and (2) is the state whose law would be applied in the absence of a choice by the parties. That is, in the instant case, the law of Michigan must not violate the public policy of Ohio if Ohio has a materially greater interest than Michigan in this matter.

This Court finds that Ohio has a materially greater interest in this case because Clarklift's place of business is in Ohio; all the assets were located in Ohio; Clark Credit filed security interests on all of the assets of Clarklift in Lucas and Allen Counties in the State of Ohio; and Clark Credit was doing business in the State of Ohio. Michigan's only connections to this case are the fact that the plaintiff is incorporated in the State of Michigan and the contract was deemed to be entered in that state.

It is firmly established in Ohio, as discussed above, that the recovery of attorney fees cases involving promissory notes is against public policy of the State of Ohio. Consequently, this Court will not enforce the choice of law provision as it relates to attorney fees. Ohio law applies, and, under Ohio law, attorney fees are not recoverable in the instant action.

## IV. CONCLUSION

For the reasons set forth herein, this Court finds that attorney fees are not recoverable in this case. Therefore, partial summary judgment is granted on that issue to defendant Leo Sterkowicz in Case No. 92 CV 7255, and to counterclaim defendant Clarklift of Northwest Ohio in Case No. 92 CV 7039.

IT IS SO ORDERED.