686 N.W.2d 506 (2004)
262 Mich.App. 512
VILLAGE OF HICKORY POINTE HOMEOWNERS ASSOCIATION, Plaintiff-Appellant,
v.
Joseph A. SMYK and Michele B. Smyk, Defendants-Appellees.
Docket No. 242060.
Court of Appeals of Michigan.
Submitted November 4, 2003, at Lansing.
Decided June 17, 2004, at 9:05 a.m.
Released for Publication September 1, 2004.
*507 Gregory M. Elliott, P.L.C. (by Gregory M. Elliott), Ann Arbor, for the plaintiff.
Joseph A. Smyk in propria persona, Ypsilanti.
McClelland & Anderson, L.L.P. (by Gregory L. McClelland and Marc D. Matlock), Lansing, for the Michigan Association of Home Builders.
Before: O'CONNELL, P.J., and JANSEN and WILDER, JJ.
WILDER, J.
Plaintiff, Village of Hickory Pointe Homeowners Association, appeals as of right from the lower court's grant of summary disposition for defendants, Joseph A. Smyk and Michele B. Smyk. We reverse and remand to the trial court.
Plaintiff homeowners association is a Michigan nonprofit corporation established to oversee the affairs of the subdivision, including the enforcement of compliance with subdivision covenants. Plaintiff alleges that defendants built a backyard deck on their property without receiving the approval of the association, in violation of Article VII of the subdivision covenants. Article VII provides in relevant part:
Section 7.01 Architectural Controls. It is understood and agreed that the purpose of architectural controls is to promote an attractive, harmonious residential development having continuing appeal. Accordingly, unless and until the construction plans and specification [sic] are submitted to, and approved in writing by, Developer in accordance with the provisions of Section 7.02 below, (i) no building, fence, wall or other structure shall be commenced, erected or maintained, and (ii) no addition, change or alteration therein shall be made, except for interior alterations.
Section 7.02 Submission of Plans and Plan Approval. All plans, specifications and other related materials shall be filed in the office of Developer, or *508 with any agent specified by Developer, for approval or disapproval. Said construction plans and specifications shall show the nature, kind, shape, height, materials (including samples of exterior building materials upon request), approximate cost of such building or other structure, proposed drainage of surface water, location and grade of all buildings, structures and improvements, as well as utilities and parking areas for the subject Lot. Developer shall have sole authority to review, approve or disapprove the plans or specifications and/or any part thereof. Developer shall have the right to refuse to approve any plans or specifications or grading plans, or portions thereof, which are not suitable or desirable in the sole discretion of Developer, for aesthetic or other reasons. In considering such plans and specifications, Developer shall have the right to take into consideration compatibility of the proposed building or other structures with the surroundings and the effect of the building or other structure on the view from adjacent or neighboring properties. It is desired that the natural landscape and trees be left in their natural state as much as possible or practical.
Defendants submitted plans for approval by the association; however, these plans were not approved because of plaintiff's assertion that an architectural element contained in the plans was nonconforming to the association's specifications. Specifically, plaintiff contends that defendants' deck plans called for the railing to be connected to the deck floor around the entire perimeter, contrary to plaintiff's specifications requiring a clearance of some inches between the deck floor and the bottom of the railing. Plaintiff claims that its required design provides both a greater utility for maintenance and upkeep and an aesthetic consistent with image goals the association is trying to advance.
After submitting the plans, but without first receiving approval, defendants constructed the deck, utilizing the railing design with the allegedly nonconforming architectural element. Plaintiff then brought this action seeking equitable relief. The parties submitted the matter to the trial court for decision on cross-motions for summary disposition under MCR 2.116(C)(10). The trial court found that defendants were in breach of the subdivision covenants when they built the deck without approval. However, the trial court concluded that the breach was de minimis, a technical violation without any substantial injury to plaintiff, and therefore granted defendants' motion for summary disposition and dismissed the case. This appeal ensued.
A trial court "may grant a motion for summary disposition under MCR 2.116(C)(10) if the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact, and the moving party is entitled to judgment as a matter of law." Smith v. Globe Life Ins. Co., 460 Mich. 446, 454-455, 597 N.W.2d 28 (1999) (citations omitted). Grants or denials of summary disposition on equitable actions are reviewed de novo. See Rose v. Nat'l Auction Group, Inc., 466 Mich. 453, 461, 646 N.W.2d 455 (2002).
Under Michigan law, a covenant constitutes a contract, created by the parties with the intent to enhance the value of property. As such, a covenant is a valuable property right. Terrien v. Zwit, 467 Mich. 56, 71, 648 N.W.2d 602 (2002). When interpreting restrictive covenants, therefore, when the intent of the parties is clearly ascertainable, courts must give effect to the instrument as a whole. Cooper v. Kovan, 349 Mich. 520, 527, 84 N.W.2d *509 859 (1957); Borowski v. Welch, 117 Mich. App. 712, 716, 324 N.W.2d 144 (1982).
In the present case, the intent of sections 7.01 and 7.02 of the subdivision covenants is clear. Architectural controls were established "to promote an attractive, harmonious residential development having continuing appeal," and, to that end, no structures were to be erected within the subdivision without the prior submission and approval of plans for such construction by the association. Thus, the trial court correctly found that defendants were in breach of the covenants.
The trial court erred, however, in finding for defendants on the basis that the breach constituted a "technical violation" that imposed no substantial injury upon plaintiff. It is a "well-understood proposition that a breach of a covenant, no matter how de minimis the damages, can be the subject of enforcement.... If the construction of the instrument be clear and the breach clear, then it is not a question of damage, but the mere circumstance of the breach of the covenant affords sufficient ground for the Court to interfere by injunction." Terrien, supra at 65, 648 N.W.2d 602 (citations omitted). Because the covenant and the breach thereof are both clear in this case, plaintiff was entitled to summary disposition as a matter of law.
Plaintiff also contends it is entitled to recover attorney fees and costs incurred in bringing this action. We agree. Although this issue was not preserved because the trial court did not rule on it, we may consider it on appeal when the plaintiff raised it below, the issue can be decided as a matter of law, and the facts necessary for resolution have been presented. Steward v. Panek, 251 Mich. App. 546, 554, 652 N.W.2d 232 (2002), citing Poch v. Anderson, 229 Mich.App. 40, 52, 580 N.W.2d 456 (1998).
Section 8.03 of the subdivision covenants provides in relevant part:
Developer, the Association and any Owner shall have the right to enforce, by proceedings at law or in equity, all covenants, conditions, restriction, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration ... and to recover damages, including attorney fees and costs for such violation....
It is clear from the plain language of the covenants that plaintiff is entitled to recover such costs and attorney fees incurred for the enforcement of the covenants as are determined to be reasonable. See In re Estate of Howarth, 108 Mich.App. 8, 12, 310 N.W.2d 255 (1981) (contract provisions providing for the recovery of attorney fees are construed as containing a reasonableness standard to avoid violating public policy). On remand, the trial court shall determine and award reasonable costs and attorney fees to plaintiff.
Reversed and remanded for entry of judgment in favor of plaintiff and for determination of reasonable costs and attorney fees. We do not retain jurisdiction.
O'CONNELL, P.J., concurred.
JANSEN, J. I concur in result only.