**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-1178

---

GRECON DIMTER, INCORPORATED,

Plaintiff - Appellee,

versus

HORNER FLOORING COMPANY, INCORPORATED,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CA-02-101-3-MU)

---

Argued: September 29, 2004                Decided: November 5, 2004

---

Before WILKINS, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** John J. Bursch, WARNER, NORCROSS & JUDD, L.L.P., Grand Rapids, Michigan, for Appellant. Irving Michael Brenner, HELMS, MULLISS & WICKER, P.L.L.C., Charlotte, North Carolina, for Appellee. **ON BRIEF:** Rodrick W. Lewis, Sarah M. Riley, WARNER, NORCROSS & JUDD, L.L.P., Grand Rapids, Michigan; G. Michael Barnill, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, North Carolina, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Horner Flooring Company, Inc. (Horner) appeals a district court decision that claims arising out of a commercial transaction between Horner and GreCon Dimter, Inc. (GreCon) are governed by German law. We affirm.

I.

Horner is a Michigan corporation that manufactures hardwood flooring. GreCon is a North Carolina corporation that manufactures and installs mill equipment. In November 1998, Horner entered into two contracts with GreCon to supply and install a mill system at Horner's Michigan plant. The mill system was comprised of three commercial saws and a material handling system. The saws were manufactured in Germany, while virtually all the components of the material handling system were manufactured in the United States. Each contract contained the following choice of law provision: "This agreement is governed by and construed under the laws of Germany to the exclusion of all other laws of any other state or country (without regard to the principles of conflicts of law)." J.A. 16, 22. Each contract also included a forum selection clause providing that all disputes regarding the contract would be litigated in a German court.

After the mill system was installed, Horner was dissatisfied with its performance and withheld certain payments due

2

under the contracts. On February 1, 2002, GreCon filed a collection action in North Carolina state court. On March 8, 2002, Horner removed the case to the Western District of North Carolina and asserted various counterclaims; Horner amended its counterclaims on March 18. On April 22, 2002, GreCon moved to dismiss the entire case, arguing that the forum selection clause compelled the parties to litigate in Germany; the motion also recited the German choice of law provision. On June 14, 2002, GreCon filed a reply brief in support of its motion to dismiss, expressly stating that GreCon was relying on German law. On July 10, 2002, the district court denied GreCon's motion to dismiss, ruling that GreCon had waived the forum selection clause by filing its complaint in North Carolina. On August 12, 2002, GreCon answered Horner's amended counterclaims; in that answer, GreCon asserted that, in accordance with the choice of law provision, German law governed this action.

Horner subsequently moved the district court to determine the law applicable to this case. Horner argued that (1) GreCon waived the German choice of law provision by relying on North Carolina law in its complaint; (2) even if no waiver occurred, the provision was unenforceable because Germany lacked a reasonable relation to the parties' transaction; and (3) in the absence of an enforceable agreement, Michigan law controlled because it bore the most significant relationship to the transaction. The district

3

court rejected Horner's waiver argument, finding that GreCon's complaint "mentions no specific governing law" and that nothing in GreCon's pleadings indicated that it intended to forgo reliance on German law. Id. at 234. The district court further held that Germany possessed a reasonable relation to the transaction because GreCon is a subsidiary of a German company and the saws in question were manufactured in Germany. The court thus determined that the choice of law provision was enforceable and that German law governed the litigation. On Horner's motion, the district court certified its order for interlocutory appeal, see 28 U.S.C.A. § 1292(b) (West 1993), and we granted review.

## II.

Horner contends that the district court erred in determining that German law applies here. We review the choice of law rulings by the district court de novo. See Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co., 363 F.3d 137, 143 (2d Cir. 2004); Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004). As a federal court exercising diversity jurisdiction, we apply the choice of law rules of the forum state--here, North Carolina. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941). Under the North Carolina Uniform Commercial Code, contracting parties may agree that the law of a particular jurisdiction governs their contract if the transaction has a

4

"reasonable relation" to that jurisdiction.  N.C. Gen. Stat. § 25-1-105(1) (2003).

A.

Horner first argues that GreCon waived the German choice of law provision by relying on North Carolina law in its complaint. As the district court noted, GreCon's complaint does not expressly rely on the law of any specific jurisdiction.  But as Horner points out, various statements in the complaint are apparently based on provisions of North Carolina law.  For example, GreCon's complaint repeatedly refers to an interest rate of "8% per annum or the maximum rate allowed by law," J.A. 7-10--an apparent reference to the North Carolina legal interest rate of eight percent a year, see N.C. Gen. Stat. § 24-1 (2003).  Similarly, the complaint requests attorneys' fees of "no less than 15%" of Horner's outstanding balance, J.A. 8-10; this figure is apparently based on a North Carolina statute limiting recovery of attorneys' fees under a contract to 15 percent of the outstanding balance, see N.C. Gen. Stat. § 6-21.2(1), (2) (2003).  Horner claims that by including these and other references to North Carolina law in its complaint, GreCon waived its right to rely on German law.  We disagree.

Although portions of GreCon's complaint arguably contemplate the application of North Carolina law, the complaint does not so clearly embrace North Carolina law as to show that GreCon intended to forgo its contractual right to have German law

5

applied here. See Guerry v. Am. Trust Co., 68 S.E.2d 272, 275 (N.C. 1951) (defining "waiver" as "an intentional relinquishment of a known right" and explaining that waiver of a contractual provision may be inferred from conduct indicating an intent to abandon the provision). Indeed, the complaint attaches and expressly incorporates by reference the contracts containing the German choice of law provision. This suggests that GreCon intended to preserve its right to rely on German law.

In addition, unlike cases in which courts have held choice of law provisions waived when parties relied on other law throughout the litigation, here any reliance by GreCon on North Carolina law ended early in the case. Cf. Cargill, Inc. v. Charles Kowsky Res., Inc., 949 F.2d 51, 55 (2d Cir. 1991) (finding waiver of Massachusetts choice of law provision when both parties consistently relied on New York law in summary judgment submissions to district court and court of appeals); Fid. & Deposit Co. of Md. v. Krebs Eng'rs, 859 F.2d 501, 504 (7th Cir. 1988) (holding that party that relied solely on Wisconsin law in litigating contract damages issue in district court waived reliance on California choice of law provision); Clarklift of N.W. Ohio, Inc. v. Clark Equip. Co., 869 F. Supp. 533, 536 (N.D. Ohio 1994) (holding that party that relied on Ohio law throughout case, including in successful motion for summary judgment, waived any contractual right to rely on Michigan law in seeking attorneys' fees), aff'd

6

sub nom. <u>Clark Credit Corp. v. Sterkowicz</u>, 117 F.3d 1420, 1997 WL 382038, at *2 (6th Cir. 1997) (per curiam) (unpublished table decision). Less than three months after filing its complaint, GreCon invoked the German choice of law provision in its motion to dismiss--its first substantive filing after Horner removed the case and asserted counterclaims. Further, in its reply brief on the motion to dismiss, GreCon argued that German law applied. And after its motion to dismiss was denied, GreCon stated in its answer to Horner's counterclaims that it intended to rely on German law. Thus, GreCon made clear at the pleading stage--<u>i.e.</u>, at the beginning of the lawsuit--that it intended to enforce the parties' agreement to litigate their claims under German law.

## B.

Horner further contends that even if GreCon did not waive the German choice of law provision, application of German law is improper because the parties' transaction lacks a "reasonable relation" to Germany, N.C. Gen. Stat. § 25-1-105(1). We reject this argument. As the district court recognized, the commercial saws--a major component of the mill system at issue--were manufactured in Germany before being shipped to the United States. The parties' transaction thus has a reasonable relation to Germany, and the German choice of law provision is enforceable. <u>See</u> <u>Kaplan v. RCA Corp.</u>, 783 F.2d 463, 465 (4th Cir. 1986) (holding that New Jersey choice of law provision in radio antenna contract was

7

enforceable under § 25-1-105, in part because antenna "was designed, engineered and tested" in New Jersey); see also Providence & Worcester R.R. Co. v. Sargent & Greenleaf, Inc., 802 F. Supp. 680, 687 (D.R.I. 1992) (determining that contract for railroad switch locks had a reasonable relation to Kentucky, in part because locks were designed and manufactured in Kentucky and were shipped from that state); Ford Motor Co. v. Lyons, 405 N.W.2d 354, 377 (Wisc. Ct. App. 1987) (concluding that contract between automobile manufacturer and dealer concerning vehicle rentals bore a reasonable relation to Michigan because vehicles were manufactured in and shipped from Michigan).

## III.

For the reasons set forth above, we affirm the decision of the district court to apply German law to this action.

AFFIRMED